## DOMINICK BONGIALATTE *vs.* H. WALES LINES COMPANY.

First Judicial District, Hartford, May Term, 1922.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

In awarding compensation, an injured employee is entitled, under General Statutes, § 5347, to reimbursement for money expended by him for reasonable and proper surgical and medical care before his employer has notice or knowledge of the injury, unless the employer has been prejudiced by the employee's failure to give the required notice; and if he has, then the award must be reduced accordingly.

Section one of Chapter 142 of the Public Acts of 1919, amending § 5341 of the General Statutes, provides that it shall be no bar to a claim for compensation for an injury arising out of and in the course of the employment, that it cannot be traced to a definite occurrence which can be located in point of time and place; that any disease which is caused by an injury arising out of and in the course of the employment, shall be deemed to be a natural consequence of such injury, but that "in any case of aggravation of a disease existing prior to such injury, compensation shall be allowed only for such proportion of the disability due to the aggravation of such prior disease as may reasonably be attributed to the injury." *Held* that this was a remedial provision bringing occupational diseases within the scope of the Compensation Act, and that the clause quoted respecting the "aggravation of a disease existing prior to such injury," in view of its context and the settled construction of the Compensation Act, could reasonably be interpreted only as applying to an aggravation of an occupational disease. (*One judge dissenting.*)

In the present case the employee had a pre-existing non-occupational disease which was "lighted up" by his injury, and to which some part, at least, of his disability was attributable. *Held* that compensation for the entire incapacity was properly awarded by the Commissioner. (*One judge dissenting.*)

Argued May 5th—decided July 7th, 1922.

APPEAL by each party from a finding and award of the Compensation Commissioner of the first district, taken to and reserved by the Superior Court in Hartford County, *Hinman, J.,* upon the Commissioner's

finding, for the advice of this court.  *Judgment upon both appeals advised in favor of the plaintiff.*

The following facts appear from the finding and award: The plaintiff, while in the employ of the H. Wales Lines Company, was injured on or about August 20th, 1920, by a blow on the right shoulder joint, arising in the course of and out of his employment.  This injury prevented the plaintiff from working from August 21st, 1920, to May 31st, 1921.  The average weekly wage of the plaintiff was $45.05.  Previous to August 20th, 1920, the plaintiff was suffering from a tuberculous and syphilitic condition, which had become localized in the right shoulder joint resulting in a complete ankylosis.  Said condition had become stable and would not have materially progressed without some new exciting cause, and it did not disable or incapacitate the plaintiff for his work as a laborer.  The blow immediately "lighted up " the tuberculous and syphilitic condition previously existing, and produced a condition incapacitating the plaintiff from work. If the plaintiff had been physically normal and in perfect health, the injury probably would not have incapacitated him for more than a short period of time.

The plaintiff incurred on account of the injury reasonable medical and hospital bills to the amount of $200 to April 1st, 1921.  He was treated with reasonable promptness by competent physicians, and their treatment was satisfactory.

Notice of a claim for compensation was duly made by the plaintiff upon his employer within one year from the date of the injury.  The employer had no notice or knowledge of the injury prior to April 27th, 1921.

The Compensation Commissioner decreed that the defendants pay the plaintiff forthwith $730.28 com-

pensation at the rate of $18 per week from August 21st, 1920, to May 31st, 1921, and that they be holden for all medical expenses made reasonably necessary by said injury after April 27th, 1921, but not for those incurred by the plaintiff before April 27th, 1921.

From this award both parties appealed to the Superior Court, which reserved the case for the advice of this court.

*Leonard J. Collins* and *William H. Nelson,* for the defendant.

*Ralph O. Wells,* for the plaintiff.

CURTIS, J.   The plaintiff appeals from the award because the Commissioner did not allow him to recover his expenditure of $200 for reasonable and proper medical care, which was made by him before April 27th, 1921, and before his employer had notice or knowledge of his injury.   The reasonable construction of § 5347 of the General Statutes, limits the penalty upon an employee for failure to give immediate notice of an injury to his employer, to such a reduction of the award of compensation as the Commissioner finds that the prejudice, if any, to the employer arising from such failure entitles him to.   It does not deprive the employee of his right to have reasonable and competent medical aid at the expense of his employer.   If, in the absence of an immediate notice to the employer of the injury, the latter fails to provide medical aid, through ignorance of the injury or otherwise, and the employee employs medical aid, the employer is required to reimburse the employee for such expenditure if the same is reasonable as to amount, and if the competency of the aid so employed is also reasonable, so that the employer is not prejudiced thereby.   If the employer is prejudiced

by such an employment of medical aid by an employee who failed to give immediate notice of the injury to his employer, the Commissioner must reduce the award accordingly. Under the finding the employee employed reasonable and competent medical aid, and the employer was not prejudiced thereby. The plaintiff's appeal, therefore, must be sustained.

The defendants appeal from the award upon the ground that the Commissioner erred in allowing the plaintiff compensation for the entire incapacity caused by the injury. They claim that the Commissioner has found that the plaintiff had a prior disease and that the injury in question aggravated it, and that this aggravation of a prior disease caused a part of the disability, and that for such part of the disability the plaintiff was not entitled to compensation.

This claim is based upon the portion of § 5341 of the General Statutes as amended by § 1 of Chapter 142 of the Public Acts of 1919, reading as follows: "If an injury arises out of and in the course of the employment it shall be no bar to a claim for compensation that it cannot be traced to a definite occurrence which can be located in point of time and place. Any disease, which is caused by an injury arising out of and in the course of the employment, shall be deemed to be a natural consequence of such injury, but in any case of aggravation of a disease existing prior to such injury, compensation shall be allowed only for such proportion of the disability due to the aggravation of such prior disease as may reasonably be attributed to the injury." This claim presents for decision the question whether the legislature, by its amendment of § 5341 in 1919, intended to completely overthrow the then established construction of our Compensation Act as set forth in *Hartz* v. *Hartford Faience Co.*, 90 Conn. 539, 543, 97 Atl. 1020, and *Saddlemire* v. *American Bridge Co.*, 94

Conn. 618, 110 Atl. 63, to the effect that "compensation is not made to depend upon the condition of health of the employee, or his freedom from liability to injury through constitutional weakness or latent tendency. . . 'It is the hazard of the employment acting upon the particular employee in his condition of health and not what that hazard would be if acting upon a healthy employee or upon an average employee.'"

Our construction of the Compensation Act, as stated in these cases, has been the practically universal construction of similar Acts in other jurisdictions. It is not too much to say that a construction of the amended Act, as claimed by the defendants, if adopted, would deprive the entire Act of a large part of its remedial effect, and involve its administration in great uncertainty, confusion and indefiniteness.

A consideration of the obvious purpose of the amendment of 1919 indicates that the legislature did not intend so drastic an impairment of the Act. The provision relied upon accompanies and is part of a remedial amendment to the Act, bringing occupational diseases within its provisions, and the reasonable interpretation of the provision in question, in view of its context, is that it refers only to cases involving occupational diseases.

The Superior Court is advised to dismiss the appeal of the defendants and sustain the appeal of the plaintiff, and render judgment in accordance with this opinion.

In this opinion WHEELER, C. J., BEACH and KEELER, Js., concurred.

BURPEE, J. (dissenting). I concur in the conclusion that the plaintiff's appeal should be sustained, because it has been found that he employed only reasonable and competent medical aid and the defendants were in no way prejudiced by his doing so.

I am constrained to dissent from the interpretation or construction of the clause contained in § 1 of Chapter 142 of the Public Acts of 1919, amending § 5341 of the General Statutes, which is a part of our Workmen's Compensation Law. We have declared: "Now the question before a court is never what did the legislature actually intend in the first sense, but what intention has it expressed." *Lee Bros. Furniture Co.* v. *Cram,* 63 Conn. 433, 438, 28 Atl. 540. If the language used is clear and unambiguous, a court is not to inquire what the latent intention of the legislature may have been or anticipate what the consequences of the statute will be. 2 Sutherland on Statutory Construction (2d Ed.) §§ 363, 366, 367.

It seems to me that the words used in this clause are free from ambiguity and express plainly a definite intention. They are: "But in any case of aggravation of a disease existing prior to such injury, compensation shall be allowed only for such proportion of the disability," etc. The phrase "any case of aggravation " is all-inclusive. The word "disease " stands alone and unrestricted by any definition except the one expressed by the words "existing prior to such injury." The context discloses that the subject of this legislation is "any disease, which is caused by an injury arising out of or in the course of the employment." There is no reference to a so-called occupational disease or to any specific disease. Courts may not restrict the application of a statute where the legislature has not done so by its terms. When its language plainly applies to all classes, courts are not empowered to limit a statute by construction to a particular class. *Southern Ry. Co.* v. *Machinists Local Union,* 111 Fed. Rep. 49, 57; 2 Sutherland on Statutory Construction, *supra.*

The Commissioner has found that here is a case of aggravation of a disease existing prior to the plaintiff's

injury. That finding seems to me plainly to set this case within the terms of this amendment. There is neither occasion nor permission to inquire whether the disease was occupational or what its character was. The statute plainly declares that in any such case, the compensation "shall be allowed only for such proportion of the disability " as it fixes. I can discover no other intention in the language of the amendment, nor any justification for limiting by construction its unrestricted terms. Therefore I am compelled to the conclusion that it was error to allow the plaintiff full compensation for the disability resulting from his injury, and that the appeal of the defendants should have been sustained.