FRANCIS J. THOMPSON *vs.* MARTHA E. TOWLE ET AL.

First Judicial District, Hartford, March Term, 1923.

WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

Under General Statutes, § 5347, the failure of an employee to give notice of his injury to his employer, does not deprive the former of his right to compensation for expenses incurred for reasonable medical, surgical and hospital treatment, unless the employer has been prejudiced by such failure; and even then, only to the extent of such prejudice.

Due to the prevalent but mistaken assumption that these expenses were not compensable under such circumstances, an award did not include them. Shortly thereafter, this court having meanwhile decided in another case that such expenses were recoverable, the employee, while the weekly compensation was still payable, but after the time allowed for taking an appeal had expired (§ 5366), moved that the original award be reopened and that such expenses

be allowed. *Held* that under § 5355, which provided a wide latitude for the reopening and revision of awards, it was within the power of the Compensation Commissioner to reopen and revise his award and include these expenses therein, subject to such prejudice, if any, as the employer had sustained by want of notice or knowledge of the injury.

During the entire compensation period applicable to the injury in question, the relation of the Commissioner to his award is similar to that of a court to a judgment during the term at which it is rendered.

Submitted on briefs March 6th—decided April 4th, 1923.

PRO FORMA supplemental finding and award of the Compensation Commissioner of the fifth district in favor of the plaintiff, appealed by the defendant to and reserved by the Superior Court in Litchfield County, *Maltbie, J.*, for the advice of this court. *Superior Court advised to affirm the supplemental award of the Commissioner.*

*Joseph B. Thompson*, for the plaintiff.

*Harold K. Watrous* and *Leonard J. Collins*, for the defendants.

CURTIS, J. On May 26th, 1922, the Compensation Commissioner for the fifth district, in proceedings for compensation duly brought before him, awarded and adjudged that the defendant pay the plaintiff compensation at the rate of $11 per week for thirteen weeks.

It appeared on the hearing that the plaintiff did not give his employer an opportunity by notice to provide medical, surgical and hospital services for him, but that he provided them himself to the extent of $100 for medical services, and $36.38 for hospital care and treatment. The Commissioner ruled, as all the Commissioners were then ruling, that because the plaintiff did not give his employer an opportunity to provide

the medical and hospital services, he could not be allowed in the award reimbursement for such expenses as he had incurred.

No appeal was taken from the finding and award, and the time allowed for an appeal under § 5366 expired.

On July 7th, 1922, the case of *Bongialatte* v. *H. Wales Lines Co.*, 97 Conn. 548, 117 Atl. 696, was decided by this court, wherein it was held that an injured employee is entitled under § 5347 to reimbursement from his employer for money expended by him for reasonable and proper surgical and medical care before his employer has notice or knowledge of the injury, unless the employer has been prejudiced by the employee's failure to give the required notice; and if he has been prejudiced, then the award must be reduced accordingly.

It was thus authoritatively settled that the Commissioners were entertaining an erroneous opinion and ruling accordingly, as to the effect of the failure of an injured employee to give notice to his employer of his injury, in so far as it affected the employee's right to reimbursement for expenditures for medical care made by him before his employer had notice of his injury.

In the original hearing before the Commissioner in the instant case, the finding as to the employee's expenditures for medical and hospital care, established the fact that his employer had not been prejudiced by his failure to give the required notice before the expenditures were made, and consequently that he was lawfully entitled to reimbursement for such expenditures. The Commissioner in his original award denied such reimbursement. The attention of counsel for the plaintiff was called by the Commissioner in July, 1922, to the decision in *Bongialatte* v. *H. Wales Lines Co.*, 97 Conn. 548, 117 Atl. 696. Thereupon the plaintiff filed a motion with the Commissioner asking that the award be reopened and the question of allowing the plaintiff reimbursement

for the sums expended by him be reconsidered and such allowance made. The Commissioner reopened the award, and as the facts originally proved were such as entitled the plaintiff to such reimbursement, the Commissioner, in a *pro forma* supplemental award, allowed the plaintiff the sums expended by him for medical and hospital services, to wit, $100 and $36.38.

The defendants claim that when the time for an appeal passed after the first award, the award became a matter in the nature of a *res judicata* between the parties, which could not be reopened by the Commissioner, and that the supplemental award was unlawfully made.

General Statutes, § 5355, provides a wide latitude for the reopening and revision of awards. It provides, among other things, that "the compensation commissioner shall retain jurisdiction over claims for compensation, awards and voluntary agreements, for any proper action thereon, during the whole compensation period applicable to the injury in question." After an award and during the whole compensable period applicable to the injury in question, the relation of the Commissioner to the award is similar to that of a court to a judgment during the term at which it is rendered. This relation is well stated in *Bronson* v. *Schulten*, 104 U. S. 410, 415, as follows: "It is a general rule of the law that all judgments, decrees, or other orders of courts, however conclusive in their character, are under the control of the court which pronounces them during the term at which they are rendered or entered of record, and they may then be set aside, vacated, modified, or annulled by that court." *Hall* v. *Paine*, 47 Conn. 429. The exercise of this right of a court to open a judgment during the term at which it is rendered, is not affected by beginning or not beginning an appeal. 1 Black on Judgments (2d Ed.) § 305. The only lim-

Thompson *v.* Towle.

itation upon a Commissioner's power to open an award is that it must be "for any proper action thereon."

In *Fair* v. *Hartford Rubber Works Co.*, 95 Conn. 350, 111 Atl. 193, we dealt with considerable fullness with the question of the power of a Commissioner to reopen an award. We there said: "The statute expressly provides that they (awards) shall be open to revision until completely performed; and it may be added that independently of that provision they resemble interlocutory decrees for the future payment of alimony, rather than final judgments." The original award in this case was filed on May 26th, 1922; it fixed a compensation period of thirteen weeks; the application for a revision of the award was filed in July, 1922, during the compensation period, so that the Commissioner had jurisdiction to act upon it at its filing. Section 5355 provides that the jurisdiction retained by the Commissioner in such circumstances is "for any proper action" on the award. It is not suggested by the defendants, nor could it reasonably be claimed, that if the Commissioner had jurisdiction to revise his award, it was not proper action for the Commissioner in his supplemental award to allow the plaintiff reimbursement for the medical and hospital expenses claimed by him, which was wrongfully denied to him, because of the erroneous general belief and consequent holding among Commissioners at that time, that the failure to give the employer notice of the injury and thus an opportunity to furnish such services, barred their recovery.

The Superior Court is advised to affirm the *pro forma* supplemental award of the Commissioner.

In this opinion the other judges concurred.