## Elizabeth Carney *vs.* Plimpton Manufacturing Company et al.

First Judicial District, Hartford, March Term, 1930.
Wheeler, C. J., Maltbie, Haines, Hinman and Banks, Js.

Argued March 5th—decided May 9th, 1930.

*Ralph O. Wells,* with whom, on the brief, was *William S. Locke,* for the appellant (plaintiff).

*Warren Maxwell,* with whom, on the brief, was *Allan E. Brosmith,* for the appellees (defendants).

WHEELER, C. J. Because of an injury suffered by the plaintiff-claimant the parties made a voluntary agreement approved by the commissioner for the first district on April 15th, 1918, and a supplementary voluntary agreement approved by the commissioner January 12th, 1920. In a finding and award dated June 26th, 1923, the commissioner ordered the defendants to pay the plaintiff compensation for partial incapacity, and to reimburse the plaintiff for certain medical, surgical and hospital expenses. The defendant-insurer, pursuant to the terms of these agreements, has paid the plaintiff in full for five hundred and twenty weeks compensation due her, covering the statutory period, and she does not now make further claim for compensation payments.

The present hearing was held on the plaintiff's motion that because of this injury she has incurred, prior to the expiration of the statutory ten compensation-year period, certain medical bills at Greylock Rest, and subsequent to such expiration certain other medical bills with various physicians, surgeons and hospitals, by direction of Dr. Madden under whose professional care the plaintiff was at all times by order of the commissioner.

The finding and award is not entirely clear, but the defendants agree that the item of $780.17 for bills incurred at Greylock Rest was attributable to the original injury and therefore a proper charge, provided that the commissioner had jurisdiction to pass upon claims accruing prior to the expiration of the ten compensation-year period. As to the other medical bills incurred subsequent to the expiration of the ten-year period, that is, subsequent to March 14th, 1928, the finding leaves uncertain whether or not the commissioner intended to find that all of these were causally

traceable to the original injury and hence proper charges or not.

The defendants claimed "(b) that certain medical bills incurred in connection with an operation for a retroverted uterus are not causally connected with the accident and hence are not chargeable to them," and (c) "that there is no liability whatever upon them for any medical bills incurred after the ten-year compensable period had expired, whether these bills be reasonably chargeable to the accident or not."

The commissioner held, *pro forma:* "In view of the language contained in § 5355 of the General Statutes, to wit: 'The Compensation Commissioner shall retain jurisdiction over claims for compensation . . . during the whole compensation period applicable to the injury in question,' I am of the opinion and I hold and rule that the insurer-respondent having paid the ten compensation years, and said ten compensation years having expired long ago, and ten calendar years having also expired long ago, the injury having happened March 14th, 1918, there is no jurisdiction vested in the Commissioner to make any award herein or to entertain the claims of the claimant." The commissioner thereupon, of his own motion, reserved the case for the advice of this court upon the principles of law involved in his holding and award.

The three reasons of appeal may be condensed into the question, whether the commissioner had jurisdiction to make an award herein as to any claim which acrued prior to, or in part, or in whole, subsequent to the expiration of the ten-year period succeeding the date of injury, March 14th, 1918.

Compensation for partial incapacity under our Compensation Act may not be awarded for a period exceeding ten years from the date of the injury. The original Act prescribed that the employee might incur medical,

surgical and hospital bills as a result of an accident at the expense of his employer, for a period of thirty days following the injury in the event of the failure of the employer promptly to provide these. Public Acts of 1913, Part B, § 7, p. 1737. In the Public Acts of 1915, Chapter 288, § 3, by amendment, the limitation of the 1913 Act was eliminated. The statutory provision applicable to this case is found in Public Acts of 1921, Chapter 306, § 3, amending § 5347 of the General Statutes, as amended by § 4 of Chapter 142 of the Public Acts of 1919, and is as follows: "The employer, as soon as he has knowledge of any such injury, shall provide a competent physician or surgeon to attend the injured employee, and in addition shall furnish such medical and surgical aid or hospital service as such physician or surgeon shall deem reasonable or necessary. In the event of the failure of the employer promptly to provide such physician or surgeon or medical, surgical or hospital service, the injured employee may provide such physician or surgeon or medical, surgical or hospital service at the expense of the employer; . . . The pecuniary liability of the employer for the medical and surgical service herein required shall be limited to such charges as prevail in the same community or similar communities for similar treatment of injured persons of a like standard of living when such treatment is paid for by the injured persons; but the liability of the employer for hospital service shall be the amount it actually costs the hospital to render the service, said amount to be determined by the commissioner."

The General Assembly has since 1915 made many and important modifications of the early Compensation Act and subjected it to what constituted a practical revision as to a considerable number of its provisions. During all of this period it has left this amendment of 1915 in its essence unchanged except in respect to the

provision, whose purpose is to limit these charges to those which are in accordance with like charges prevailing in the same community, to which we shall again refer, although three times, in 1917, 1919 and 1921 it amended and re-enacted this section. We cannot disregard the express determination of the General Assembly, and since the terms of this section, in the portion we are called upon to apply, are clear and not susceptible to construction, we must apply this statute exactly as it is written. Under it the employer's pecuniary liability to provide for medical and surgical aid and hospital service for the injured employee continues during the period of the injury subject to the finding by the commissioner that they are causally traceable to the original injury and to the limitation that the charges shall be in accordance with those in the same or similar communities for similar treatment of injured persons of like standard of living when paid for by them. It follows that the commissioner is under the statute given authority to make an award after the ten compensation-year period whether such expenses accrued prior to or subsequent to this period. Provision for the expenses of medical, surgical and hospital treatment are commonly found in Workmen's Compensation Acts. These are, as Honnold on Workmen's Compensation (Vol. 1) says at § 193, a recognition of the economic truth that they are legitimate elements in the cost of production. They further recognize the legislative idea that the employer as well as society benefit by the early restoration to health of the injured employee.

The only contention in opposition which appears to be available to the defendants is found in the concluding sentence of General Statutes, § 5355, as amended by the Public Acts of 1929, Chapter 242, § 3: "The compensation commissioner shall retain jurisdiction

over claims for compensation, awards and voluntary agreements, for any proper action thereon, during the whole compensation period applicable to the injury in question." The entire section concerns "Revision of Awards." The section gives the commissioner power to modify the award made whenever it shall appear to him the incapacity of the injured employee has increased, decreased or ceased, or the measure of dependence changed, or changed conditions of fact arisen which necessitate a change of the award. The intention of so much of the section as concerns the matter under discussion is to confine it to cases of a revision of previous awards. It has no application to a case such as this of an original award. If it could be so construed we could not without legislative authority, express or implied, construe the portion of § 5347 involved, as though its terms limited the commissioner's jurisdiction over medical, surgical and hospital expenses for an injured employee under the Compensation Act to the period of the ten years during which compensation could be awarded.

The defendants concede in their brief that as to the medical and hospital expenses incurred for care at Greylock Rest prior to the expiration of the ten compensation-year period, they "having been found to be a reasonable medical disbursement made prior to March 14th, 1918, as a result of the original injury" are a proper charge for which they are liable provided the commissioner has jurisdiction to make such an award for medical and hospital expenses accruing prior to the expiration of this period.

The defendants contest their liability as to the remaining items, which the commissioner held were not causally traceable to the original injury, upon that ground and upon the further ground that the commissioner has no jurisdiction over expenses causally trace-

able to the original injury but occurring subsequent to the expiration of the ten compensation-year period.

We hold: Under our statutes the commissioner is without jurisdiction to make an award for expenses accruing in whole or in part prior to, or subsequent to, the expiration of the ten compensation-year period unless he shall find that these expenses, whether accruing in whole or in part prior to or subsequent to such period, are causally traceable to and the result of the original injury. Under our statutes the commissioner has jurisdiction to make an award for expenses, accruing in whole or in part either prior to or subsequent to, the expiration of the ten-year period provided such expenses be causally traceable to the original injury.

The Superior Court is advised that the commissioner has jurisdiction to make an award herein as to any medical, surgical or hospital expenses as provided for by statute which he finds accrued in whole or part prior to, or subsequent to, the expiration of the ten compensation-year period succeeding the injury, provided that any such expense is legally found by him to be causally traceable to the original injury.

In this opinion the other judges concurred.