FELIX KALINICK *vs.* THE COLLINS COMPANY ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 7th—decided December 20th, 1932.

*Error and cause remanded with direction.*

*Ralph O. Wells* and *William S. Locke,* for the appellant (plaintiff).

*William W. Fisher,* with whom, on the brief, was *Thomas Hewes,* for the appellees (defendants).

HINMAN, J.  The plaintiff was employed by The Collins Company from May, 1915, until January, 1923, as a wet grinder, and thereafter did other work for the same employer until January 6th, 1931, when he became disabled as the result of pneumoconiosis contracted while employed as a wet grinder.  On March 20th, 1931, the compensation commissioner awarded the plaintiff weekly compensation of one half of his average weekly wages during the twenty-six weeks next preceding January, 1923.  On December 8th, 1931, the case of *Rousu* v. *Collins Co., * 114 Conn. 24, 157 Atl. 264, was decided, holding that the compensation to be paid to an employee disabled by pneumoconiosis should be based upon the average weekly wages for twenty-six weeks next preceding disability instead of preceding the cessation of the particular work causing the disability.  On December 11th, 1931, the defendant and its insurer filed an application with the commissioner that the award in the present case

be opened and modified by changing the rate of compensation so as to conform to that decision by basing the compensation upon the wages earned during the twenty-six weeks preceding incapacity. This application was granted and the award so modified, and the plaintiff appealed to the Superior Court.

The first reason of appeal was that the commissioner had no power to modify the previous award "by reason of a supposed error of law in the rendition thereof," and the overruling of this reason is assigned as error on the appeal to this court. The memorandum of decision shows that the Superior Court based its ruling upon *Thompson* v. *Towle*, 98 Conn. 738, 741, 120 Atl. 503, and in this court the appellee relies solely upon the same precedent. In that case the compensation commissioner in the original award had refused to reimburse the employee for medical expenses, it having been generally held by the commissioners that an employee who had failed to notify his employer of his injury could not recover these expenses. In *Bongialatte* v. *H. Wales Lines Co.*, 97 Conn. 548, 117 Atl. 696, this court held that the employee was entitled to reimbursement unless the employer had been prejudiced by the failure to give the required notice, which the finding negatived. Thereafter, the plaintiff in *Thompson* v. *Towle* applied for and obtained a modification of the original award so as to allow him reimbursement for medical expenses, and this court, on reservation, advised that it was within the power of the commissioner to so open and modify the award.

Standing by itself, *Thompson* v. *Towle* would justify modification of the award in the quite analogous situation presented in the instant case. However, a review of the decisions relating to the power of a compensation commissioner to modify an award or agreement—especially what we deem a true conception of

the effect of subsequent decisions—leads to a different conclusion. The commissioner's power is derived from and depends upon § 5240 of the General Statutes under which it may be exercised whenever it shall appear to him (a) "that the incapacity of the injured employee has increased, decreased or ceased, or that the measure of dependence on account of which the compensation is paid has changed;" (b) "that changed conditions of fact have arisen which necessitate a change of such agreement or award in order properly to carry out the spirit [of the Compensation Act];" (c) "The commissioner shall also have the same power to open and modify an award as any court of the State has to open and modify a judgment of such court." The section further provides (d): "The compensation commissioner shall retain jurisdiction over claims for compensation, awards and voluntary agreements, for any proper action thereon, during the whole compensation period applicable to the injury in question."

In *Fair* v. *Hartford Rubber Works Co.* (1920) 95 Conn. 350, 111 Atl. 193, a voluntary agreement, approved by the commissioner, provided for payments to the injured employee upon the theory that he was entitled only to compensation for the loss of an eye, no mention being made of the fact that he had previously lost the sight of his other eye. It was held that, although the facts did not bring the case within those provisions of the statute which for convenience we have usually and herein designated as subdivisions (a) and (b), yet as (c) "gives the commissioner the same revisionary power over his award that any court of equity in this State has over its decrees" and "courts of equity have inherent power to reopen a decree based on a mistake of fact," and as the mistake involved was clearly one of fact, the commissioner had power

to reopen and modify the award. In *Grabowski* v. *Miskell* (1921) 97 Conn. 76, 84, 115 Atl. 691, it was held that, upon clear proof of fraud in procuring an original award, the commissioner had power to reopen and change it under remedy (c).

The next case, *Thompson* v. *Towle* (1923), as we have noted, involved a mistake of law instead of fact and was clearly outside of the scope of remedies (a) and (b). No attempt was made to bring it under (c) which had been utilized in the two prior cases, but revision of the award was held to be authorized under provision (d) as within the retained jurisdiction of the commissioner over awards and agreements "for any proper action thereon" during the whole compensation period. The view was expressed that under this provision "after an award and during the whole compensable period applicable to the injury in question, the relation of the commissioner to the award is similar to that of a court to a judgment during the term at which it is rendered," and that "the only limitation upon a commissioner's power to open an award is that it must be 'for any proper action thereon;' " it was held that a supplemental award allowing reimbursement for expenses, which had been denied in the original award because of the erroneous belief and ruling of the commissioner as to the legal effect of failure to give notice upon the recovery of such expenses, constituted "proper action" on the award within that provision (d) of the statute.

In *Hayden* v. *Wallace & Sons Mfg. Co.* (1923) 100 Conn. 180, 123 Atl. 9, the motion was made on the ground that while the voluntary agreement had been approved and two supplemental awards made on the assumption that the plaintiffs were employees of the defendant, it had been ascertained later that they were, instead, employees of an independent con-

tractor. The opinion stated (p. 187) that the application of the analogy drawn in *Thompson* v. *Towle* between the relation of the commissioner to his award during the entire compensation period and that of a court over a judgment during the term at which it was rendered applied only to cases within the first and second grounds (a) and (b) specified in the statute and not the third (c). It was explained (p. 188) that the meaning of the statement in *Thompson* v. *Towle* that " 'the only limitation upon a commissioner's power to open an award is that it must be for any proper action thereon' " was "that the three grounds [a, b, and c] upon which the commissioner was authorized to exercise his power to modify or reopen an award were subject to the limitation that such exercise must be 'for any proper action.' " It was ruled (p. 185) that the motion fell, "if at all, within the third ground [c]: . . . the presence of a state of facts which would authorize a court of the State to open and modify one of its judgments," and that the question, stated as broadly as the terms of the statute admitted of, was "would the Superior Court, as a court of equity, have power to open and modify its judgment under the same set of facts as are set forth in this motion? If so, the commissioner has a like power; if not, the statute gives him no such power." It was held (p. 188) that to permit the commissioner to open the award under the third ground (c) for a mistake of fact connected with long-continued negligence "would be contrary to the principles governing a court in a similar situation, would be a defiance of the terms of this statute, and would not be an exercise of his power 'for any proper action.' "

*Kurzaji* v. *Warner and Bowman* (1927) 106 Conn. 90, 137 Atl. 19, also involved an alleged mistake of fact in that the award had been made upon the basis

of an eighty-five per cent reduction of vision of one of the plaintiff's eyes, but it was afterward discovered that an accompanying loss of binocular vision had rendered the plaintiff for all practical purposes a one-eyed man. This court again held that power to modify the award on that ground must be found, if at all, in the third class (c) named in the statute (now § 5240), and noted that, as in *Hayden* v. *Wallace & Sons Mfg. Co., supra,* the determinative question was " 'would the Superior Court, as a court of equity, have power to open and modify its judgment under the same set of facts?' " Discussing this, it pointed out (p. 92) that "courts of equity have power to open a decree in cases of accident, fraud or mistake; the commissioner has a like power subject to the limitation of the statute that it be 'for any proper action.' *Hayden* v. *Wallace & Sons Mfg. Co., supra.* 'Courts of equity have inherent power to reopen a decree based on a mistake of fact.' *Fair* v. *Hartford Rubber Works Co.,* 95 Conn. 350, 355, 111 Atl. 103. The commissioner, by this statute, is given a similar power. He did not know at the time of his original award the fact which he ascertained upon the last hearing. It was a very material fact, and if its consideration by him was permissible he was fully justified in the award he finally made. The mistake made was that of the commissioner, not of litigant or counsel; it arose from a mistake or a misapprehension of the facts." Accordingly, the action of the commissioner was sustained, but it was stated (p. 94) that "the mistake which constitutes a ground for setting aside a judgment is not one of law, but a mistake or inadvertence as to a fact or facts inducing the doing of something not intended and resulting in an injustice unless corrected. *Cooper* v. *Duncan,* 20 Mo. App. 355, 359." "After the term at which a judgment was rendered, it cannot be vacated

or set aside upon the sole ground that it is erroneous in matter of law, except by a court exercising appellate or revisory jurisdiction, unless authorized by statute, or unless the error is one going to the jurisdiction." 34 C. J. 289. See also *Brown* v. *Clark,* 81 Conn. 562, 567, 71 Atl. 727; *Goldreyer* v. *Cronan,* 76 Conn. 113, 116, 55 Atl. 594; *Potter* v. *Prudential Ins. Co.,* 108 Conn. 271, 282, 142 Atl. 891.

In view of this limitation, a reopening and modification based upon a mistake of law, as here, would not be permissible unless the control over its award for correction of errors of law, as distinguished from mistakes of fact, which a court possesses over its judgment only during the term in which it is rendered, is held to continue in the commissioner during the entire compensation period. Such an extension would be inconsistent with and subversive of the considerations which have actuated the generally recognized limitations of the powers of courts over their judgments. *Hayden* v. *Wallace & Sons Mfg. Co., supra,* p. 187. As indicated in the *Hayden* case, under provision (d) of § 5240, the commissioner retains jurisdiction for "any proper action" under preceding provisions of the section only, and does not obtain power to reopen and modify an award upon other and different grounds than those previously prescribed. A reopening for a mistake of law being, as we have seen, beyond the power of a court of equity over its judgments is not "proper action" by a commissioner whose powers are subject to a like restriction. Therefore, the commissioner was in error in reopening and modifying the award, and the Superior Court erred in affirming that action.

This conclusion renders superfluous a discussion of the other assignments of error. We merely add the observation that any injustice to the defendant which

might appear to result from the denial of the motion is largely mitigated by the consideration that, it appears, an appeal to the Superior Court was taken by the defendant from the original award in which the same question was raised as in the case of *Rousu* against the same defendant, and might have been adjudicated by appeal to this court from the adverse decision or kept open under the appeal until settled by the decision in the *Rousu* case then pending.

There is error; the case is remanded to the Superior Court with direction to sustain the appeal on the ground herein indicated.

In this opinion the other judges concurred.