JOHN CALDWELL *v.* THE UNITED STATES ALUMINUM COMPANY.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued May 5—decided June 8, 1944.

*Margaret E. Connors,* for the appellant (plaintiff).

*Edward J. McCarthy,* for the appellee (defendant).

Ells, J.  The plaintiff commuted from his home in New York City to the defendant's plant in Bridgeport. On May 19, 1942, he suffered a compensable injury consisting of a low back sprain.  Under a voluntary agreement he received compensation for a period ending August 13, and the defendant assumed responsibility for certain medical and hospital bills.  His disability continued and he asked for further compensation and the payment of a bill for $163 rendered by Dr. Cohen, his New York physician.  The commissioner found that he was totally disabled up to October 15, that the services rendered by Dr. Cohen were necessary and that the charge was reasonable, and made an award in consonance with these findings. The kernel of the decision on Dr. Cohen's bill, as expressed in the commissioner's memorandum of decision, is that a nonresident employee unable to travel to his place of employment during his disability "would be justified in securing such [medical] attention in the absence of prompt provision by the respondent for such treatment in the region of claimant's residence."  The defendant appealed and the trial court remanded the case to the commissioner for a finding whether there was express or implied authority given by the defendant for the treatments, or an estoppel.  The commissioner, unable to find authority of either kind, found estoppel.  On the next appeal, the court found that there was no estoppel, and ren-

dered judgment vacating the award to the extent of the bill for $163, but confirming it in all other respects. The plaintiff has appealed to this court, and the only question raised concerns the liability of the defendant for this bill.

The facts are not in dispute. After he was injured the plaintiff reported to the defendant's first aid department and was told to consult his New York doctor. He returned home, incurred a small bill for medical services rendered by Dr. Cohen, was sent back to Bridgeport by him, was treated at the Bridgeport Hospital by the defendant's physician, and upon his discharge on August 15 returned home again. Two days later he tried to return to work but was unable to make the trip to Bridgeport because of pain and disability. On August 18 he resumed his treatments with Dr. Cohen, who promptly notified the defendant of the facts, and requested that he be authorized to care for the plaintiff again. He received no answer, hospitalized the patient and continued to treat him until September 23, upon which date he received a letter from the defendant stating that the plaintiff had not yet been discharged by the company doctor, that it had appointed another New York doctor to treat the plaintiff and that it disclaimed liability for Dr. Cohen's bill. At the time of the second series of treatments the plaintiff was still totally disabled, the services and hospitalization were necessary and the charge of $163 was reasonable.

On the second appeal the trial court considered only the narrow question of estoppel. Much broader considerations were involved. The original defect was in the action of the trial court upon the first appeal in deviating from the real issue by remanding the case to the commissioner for the purposes heretofore stated. In so doing it resorted to common-law

principles to test the validity of Dr. Cohen's charges, instead of to the Compensation Act. On the second appeal the case proceeded on the same line. We return it to the basis of the judgment, which confirmed the award except as to this bill, and consider the real question involved, whether the court erred in failing to sustain the award on all the facts found.

The decision is governed by General Statutes, § 5232, the applicable portion of which provides as follows: "The employer, as soon as he shall have knowledge of any such injury, shall provide a competent physician or surgeon to attend the injured employee, and in addition shall furnish such medical and surgical aid or hospital service as such physician or surgeon shall deem reasonable or necessary. In the event of the failure of the employer promptly to provide such . . . service, the injured employee may provide such . . . service at the expense of the employer." This was the basis of the original award; that award still stands, the commissioner merely adding certain further findings; and the issue under the statute is fairly before us by the assignment of error "in failing to sustain the award on all the facts found," particularly in view of our liberality in workmen's compensation cases in procedural matters. When the employee was unable to go to his work at Bridgeport and went back to his New York physician, that physician reported the need of treatment, yet the employer did nothing from August 18 to September 23. Under these circumstances the commissioner could properly consider that under the statute the employee was entitled to get treatment from his own doctor at the employer's expense.

The liberality with which we treat the employee's rights under the statute is apparent in *Bongialatte* v. *Lines Co.*, 97 Conn. 548, 550, 117 Atl. 696. In that

case the medical bills were incurred before the employer had notice of the injury; nevertheless we said: "If, in the absence of an immediate notice to the employer of the injury, the latter fails to provide medical aid, through ignorance of the injury or otherwise, and the employee employs medical aid, the employer is required to reimburse the employee for such expenditure if the same is reasonable as to amount, and if the competency of the aid so employed is also reasonable, so that the employer is not prejudiced thereby." In the instant case, immediate notice was given, and the competency of the physician is not in question. See also *Thompson* v. *Towle,* 98 Conn. 738, 740, 120 Atl. 503; *Henderson* v. *Mazzotta,* 113 Conn. 747, 753, 157 Atl. 67. The underlying reason for the statute, § 5232, is stated in *Carney* v. *Plimpton Mfg. Co.,* 111 Conn. 401, 405, 150 Atl. 305: it recognizes "the legislative idea that the employer as well as society benefit by the early restoration to health of the injured employee." The defendant's appeal should have been dismissed.

In view of the conclusion we have reached, we do not need to consider the correctness of the trial court's decision upon the narrow question of estoppel. We point out, however, that the question is not governed entirely by common-law principles. The statute, § 5232, enters very directly into it.

There is error, the judgment is set aside and the case is remanded to the Superior Court with direction to dismiss the appeal and confirm the award in its entirety.

In this opinion the other judges concurred.