STATE OF CONNECTICUT *v.* WAYNE R. CASTLE

HOUSE, C. J., THIM, RYAN, SHAPIRO and LOISELLE, JS.

Argued June 3—decided June 8, 1971

*James D. Cosgrove,* public defender, for the appellant (defendant).

*Richard A. Schatz,* assistant state's attorney, with whom, on the brief, was *John D. LaBelle,* state's attorney, for the appellee (state).

PER CURIAM. The sole issue on this appeal is the legality of a search and seizure by law enforcement officers on March 25, 1969. To support his claim that the search and seizure were illegal the defendant relied on the holding of *Chimel* v. *California,* 395 U.S. 752, 89 S. Ct. 2034, 23 L. Ed. 2d 685, which narrowed the scope of permissible warrantless searches incident to arrest to the arrestee's person and to the area from within which he might obtain either a weapon or something which could be used as evidence against him. The *Chimel* case was decided by the United States Supreme Court on June 23, 1969, subsequent to the search with which this case is concerned. In *State* v. *Keeby,* 159 Conn. 201, 205, 268 A.2d 652, cert. denied, 400 U.S. 1010, 91 S. Ct. 569, 27 L. Ed. 2d 623, we decided that although the United States Supreme Court had not decided whether the ruling in the *Chimel* case would be given retroactive application to searches and seizures made prior to that decision, "the most probable holding of the United States Supreme Court, if and when it decides the question, will be that the *Chimel* doctrine applies only to searches and seizures conducted after June 23, 1969." While the present appeal was pending, the United States Supreme Court has decided *Williams* v. *United*

*States,* 401 U.S. 646, 91 S. Ct. 1148, 28 L. Ed. 2d 388, and, as anticipated in *State* v. *Keeby,* supra, held that the rule stated in *Chimel* is not to be retroactively applied to searches antedating the date that case was decided. This holding, confirming the conclusion at which we arrived in *State* v. *Keeby,* supra, is decisive of the merits of this appeal. In addition, we conclude that the defendant had no standing to object to the use of the evidence taken from his brother's room since the defendant had no possessory interest in either the room searched or the evidence seized and was not present when his brother's room was searched and the seizure made. *State* v. *Oliver,* 160 Conn. 85, 92, 273 A.2d 867.

There is no error.