# VINCENT MARONE *v.* CITY OF WATERBURY
## (SC 15659)

Callahan, C. J., and Borden, Berdon, Norcott, Katz, Palmer and
McDonald, Js.[1]

---

[1] This case was originally heard by a five justice panel. Pursuant to Practice
Book § 4112 (b), we are considering the case en banc without further briefing
or oral argument.

Argued October 1, 1997—officially released March 10, 1998

*Robert G. Golger*, for the appellant (plaintiff).

*Charles E. Oman III*, assistant corporation counsel, with whom, on the brief, were *James J. Moynihan* and *Mary C. Pokorski*, assistant corporation counsel, for the appellee (defendant).

*Frank A. May* filed a brief for the city of Hartford et al. as amici curiae.

*Opinion*

KATZ, J. The principal issue in this appeal is whether the plaintiff is entitled to retroactive recalculation of disability benefits awarded pursuant to what is commonly referred to as the Heart and Hypertension Act (act), General Statutes §§ 7-433c and 7-433b (b),[2] following this court's decision in *Szudora* v. *Fairfield*, 214

---

[2] General Statutes § 7-433c provides: "Benefits for policemen or firemen disabled or dead as a result of hypertension or heart disease. (a) Notwithstanding any provision of chapter 568 or any other general statute, charter, special act or ordinance to the contrary, in the event a uniformed member of a paid municipal fire department or a regular member of a paid municipal police department who successfully passed a physical examination on entry into such service, which examination failed to reveal any evidence of hypertension or heart disease, suffers either off duty or on duty any condition or impairment of health caused by hypertension or heart disease resulting

Conn. 552, 573 A.2d 1 (1990), in which we expanded the definition of maximum cumulative "weekly compensation" available under § 7-433b (b) to include overtime payments. Id., 559. Prior to the decision in that case, the plaintiff here had been receiving benefits in

in his death or his temporary or permanent, total or partial disability, he or his dependents, as the case may be, shall receive from his municipal employer compensation and medical care in the same amount and the same manner as that provided under chapter 568 if such death or disability was caused by a personal injury which arose out of and in the course of his employment and was suffered in the line of duty and within the scope of his employment, and from the municipal or state retirement system under which he is covered, he or his dependents, as the case may be, shall receive the same retirement or survivor benefits which would be paid under said system if such death or disability was caused by a personal injury which arose out of and in the course of his employment, and was suffered in the line of duty and within the scope of his employment. If successful passage of such a physical examination was, at the time of his employment, required as a condition for such employment, no proof or record of such examination shall be required as evidence in the maintenance of a claim under this section or under such municipal or state retirement systems. The benefits provided by this section shall be in lieu of any other benefits which such policeman or fireman or his dependents may be entitled to receive from his municipal employer under the provisions of chapter 568 or the municipal or state retirement system under which he is covered, except as provided by this section, as a result of any condition or impairment of health caused by hypertension or heart disease resulting in his death or his temporary or permanent, total or partial disability. As used in this section, the term 'municipal employer' shall have the same meaning and shall be defined as said term is defined in section 7-467.

"(b) Notwithstanding the provisions of subsection (a) of this section, those persons who began employment on or after July 1, 1996, shall not be eligible for any benefits pursuant to this section."

General Statutes § 7-433b (b) provides: "Notwithstanding the provisions of any general statute, charter or special act to the contrary affecting the noncontributory or contributory retirement systems of any municipality of the state, or any special act providing for a police or firemen benefit fund or other retirement system, the cumulative payments, not including payments for medical care, for compensation and retirement or survivors benefits under section 7-433c shall be adjusted so that the total of such cumulative payments received by such member or his dependents or survivors shall not exceed one hundred per cent of the weekly compensation being paid, during their compensable period, to members of such department in the same position which was held by such member at the time of his death or retirement. Nothing contained herein shall prevent any town, city or borough

an amount equal to his base compensation. He now seeks retroactive recalculation of that award in accordance with *Szudora*.

The following facts are pertinent to this appeal. The plaintiff, Vincent Marone, a Waterbury police officer, was diagnosed on September 9, 1980, as suffering from hypertension that resulted in a 10 percent disability of his cardiovascular system. He reached maximum medical improvement on April 15, 1982, and retired on that date with a pension of $272.59 per week. On July 14, 1983, the plaintiff was awarded disability benefits pursuant to § 7-433c in an amount equivalent to the base pay for his position. The award was retroactive to April 15, 1982. On April 17, 1990, this court decided *Szudora*. In September, 1993, the defendant, the city of Waterbury, voluntarily adjusted Marone's benefit cap to include overtime pay.[3] On June 21, 1994, the plaintiff requested a recalculation, in accordance with *Szudora*, of his weekly compensation from April 15, 1982, the date he became entitled to disability benefits. On July 12, 1995, the workers' compensation commissioner for the fifth district (commissioner) declined to apply *Szudora* retroactively because (1) the plaintiff's case was not pending at the time *Szudora* was decided, and (2) retroactive application would impose a new and significant burden on municipalities and taxpayers. On July 20, 1995, the plaintiff petitioned for review of the commissioner's decision. The compensation review board

from paying money from its general fund to any such member or his dependents or survivors, provided the total of such cumulative payments shall not exceed said one hundred per cent of the weekly compensation."

   [3] In his initial request for modification, in 1993, the plaintiff argued before the commissioner that he was "entitled to a retroactive lump sum payment for benefits due from July 14, 1983, to date." This was a request for both retroactive and prospective relief. Thereafter, in 1997, the compensation review board acknowledged that the plaintiff and the defendant had reached a voluntary agreement in September of 1993, whereby the defendant agreed to recalculate the award prospectively from the date of the *Szudora* decision. The defendant has not challenged this voluntary agreement.

(board) affirmed the commissioner's decision on January 10, 1997, determining that: (1) retroactive application of *Szudora* was inappropriate under *Chevron Oil Co.* v. *Huson*, 404 U.S. 97, 92 S. Ct. 349, 30 L. Ed. 2d 296 (1971);[4] (2) the action was no longer pending; and (3) such a result would be unduly burdensome to municipalities. Without explaining the basis for its reasoning, the board further stated that *Szudora* could be applied prospectively to the plaintiff's future benefits and that such a claim would be cognizable by the workers' compensation commission (commission).[5] The plaintiff appealed from the judgment of the board to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c).

The plaintiff argues that *Szudora* should be applied retroactively and that his benefits should, therefore, be recalculated to include overtime payments because: (1) judicial decisions are presumed to apply retroactively; (2) the circumstances of this case do not satisfy the three part test outlined in *Chevron Oil Co.* so as to overcome the presumption of retroactivity because the legislative history and remedial purpose of the act indicate that the *Szudora* decision was clearly foreshadowed, retroactive application of *Szudora* will further

---

[4] In *Chevron Oil Co.*, the United States Supreme Court outlined a three factor test for overcoming the presumption of retroactivity of judgments. "First, the decision to be applied nonretroactively must establish a new principle of law . . . . Second [the court must determine] . . . whether retrospective operation will further or retard [the] operation [of the rule]. . . . Finally [the court must weigh] the inequity imposed by retroactive application . . . ." (Citations omitted.) *Chevron Oil Co.* v. *Huson*, supra, 404 U.S. 106–107; see also *Neyland* v. *Board of Education*, 195 Conn. 174, 179, 487 A.2d 181 (1985).

[5] The board made this statement in the context of its discussion of *Chevron Oil Co.*, perhaps assuming that the equitable considerations of the third prong of that case would tend to weigh in favor of prospective recalculation of benefits because municipalities would be able to plan for such a future liability.

the remedial purpose of the act, and the equitable considerations weigh in favor of allowing the plaintiff the measure of benefits to which he became entitled from the date of his injury; and (3) the commissioner mistakenly relied on *Adams* v. *New Haven*, 39 Conn. Sup. 321, 464 A.2d 70 (1983), for the proposition that § 7-433c should not be applied retroactively.[6]

The defendant argues that in affirming the commission's decision to reject the plaintiff's claim of retroactive benefits the board correctly applied *Chevron Oil Co.* because *Szudora* was a case of first impression and the decision had not been clearly foreshadowed, a recalculation would not further the remedial purposes of the act because the plaintiff had not, in fact, earned overtime compensation while employed, and retroactive application of *Szudora* to cases such as this one would be extremely burdensome to municipalities. The defendant further argues that even if *Szudora* should apply retroactively, it is inapplicable to the present case because it was not pending when *Szudora* was decided.

The amici curiae, the cities of Bridgeport and Hartford, argue that the plaintiff is not entitled to a recalculation of his benefits because: (1) reopening the original award based on a change of law such as that represented by *Szudora* would violate General Statutes § 31-315,[7] which governs the commission's power to modify

---

[6] In *Adams* v. *New Haven*, supra, 39 Conn. Sup. 323, the Appellate Session of the Superior Court determined that § 7-433c was inapplicable where the plaintiff's disability had been diagnosed and he and his spouse had executed a stipulated settlement in lieu of any workers' compensation claim before the statute was enacted. *Adams* is inapposite to the plaintiff's situation here because *Adams* was based on the conclusion that § 7-433c did not apply to that claimant rather than on a determination that an otherwise applicable statute could not be given retroactive effect.

[7] General Statutes § 31-315 provides: "Modification of award or voluntary agreement. Any award of, or voluntary agreement concerning, compensation made under the provisions of this chapter or any transfer of liability for a claim to the Second Injury Fund under the provisions of section 31-349 shall be subject to modification in accordance with the procedure for original

workers' compensation awards; (2) the equitable doc-
trines of laches and estoppel prevent retroactive appli-
cation of *Szudora*; and (3) the public policy favoring
finality of judgments forbids the recalculation of awards
in nonpending cases.

Determining whether the plaintiff is entitled to a
recalculation of his benefits requires the resolution of
two separate but related questions. First, we must deter-
mine whether the original award was a pending matter
for the purpose of recalculation of benefits. If it was
pending, we must next decide whether the presumption
in favor of retroactivity has been overcome according
to the terms of our decision in *Szudora* and the criteria
set forth in *Chevron Oil Co.* If we were to conclude
that retroactive application of *Szudora* is appropriate,
we would then order a recalculation of the plaintiff's
benefits to April 15, 1982, to include overtime. Second,
we must determine whether the interpretation of § 7-
433b (b) in *Szudora* constitutes proper grounds, pursu-
ant to § 31-315, for modifying the original award and,
if so, whether and to what extent such a modification
should be applied retroactively. We agree with the
defendant, the commission and the board that the 1983
award was not a pending matter when *Szudora* was

determinations, upon the request of either party or, in the case of a transfer
under section 31-349, upon request of the custodian of the Second Injury
Fund, whenever it appears to the compensation commissioner, after notice
and hearing thereon, that the incapacity of an injured employee has
increased, decreased or ceased, or that the measure of dependence on
account of which the compensation is paid has changed, or that changed
conditions of fact have arisen which necessitate a change of such agreement,
award or transfer in order properly to carry out the spirit of this chapter.
The commissioner shall also have the same power to open and modify an
award as any court of the state has to open and modify a judgment of such
court. The compensation commissioner shall retain jurisdiction over claims
for compensation, awards and voluntary agreements, for any proper action
thereon, during the whole compensation period applicable to the injury
in question."

decided. We also agree with the amici curiae that the commission lacked the statutory authority to modify the award on the basis of our decision is *Szudora*, either prospectively or retroactively.[8] Thus, we need not determine whether *Szudora* requires the retroactive recalculation of benefits with regard to a claimant whose case was pending when *Szudora* was decided.

I

We must first determine the standard of review applicable to this appeal. Decisions of administrative agencies are generally accorded considerable deference by this court.[9] *Lieberman* v. *State Board of Labor Relations*, 216 Conn. 253, 263, 579 A.2d 505 (1990). This is

---

[8] In their discussion of the commission's authority pursuant to § 31-315, the amici curiae do not distinguish expressly between prospective and retroactive modifications of workers' compensation awards. They argue, rather, that "[i]t is beyond the authority of a Commissioner to make *any* modification" based upon our decision in *Szudora*. (Emphasis added.) We recognize that, in their conclusion, they request that the board's decision be affirmed and that we hold that *Szudora* should be applied in a "prospective-only manner" to this plaintiff. On the basis of the absence of any such distinction in their brief, however, we interpret this statement in light of the plaintiff's request for relief in this case and the voluntary agreement between the parties. See footnote 3 of this opinion. We, therefore, conclude that the amici curiae's request for prospective application of *Szudora* is not based on the argument that § 31-315 requires or permits such a distinction but, instead, recognizes that the defendant's voluntary decision to provide prospective relief eliminated this plaintiff's need to request it. The existence of this agreement between the parties does not, however, relieve us of our responsibility to interpret § 31-315 correctly. Our decision regarding whether the commission had the authority, pursuant to § 31-315, to modify the award does not turn on the fact that this particular claimant, for reasons independent of the commission's statutory authority, had no need for prospective relief.

[9] The majority of our decisions on workers' compensation law have required us to determine whether the compensation review board properly reviewed factual determinations made by the commissioner. See, e.g., *Fair* v. *People's Savings Bank*, 207 Conn. 535, 538–42, 542 A.2d 1118 (1988), and cases cited therein. Although the context of these cases has not required us to set forth the standard of review for questions of law, we see no reason

particularly true where the issue on appeal involves questions of fact. See *Six* v. *Thomas O'Connor & Co.*, 235 Conn. 790, 798–99, 669 A.2d 1214 (1996); *Tomlinson* v. *Board of Education*, 226 Conn. 704, 712–13, 629 A.2d 333 (1993); *Crochiere* v. *Board of Education*, 227 Conn. 333, 347, 630 A.2d 1027 (1993). It is the function of the courts, however, rather than of administrative agencies, to "expound and apply governing principles of law." (Internal quotation marks omitted.) *Lieberman* v. *State Board of Labor Relations*, supra, 262; see *National Labor Relations Board* v. *Brown*, 380 U.S. 278, 291, 85 S. Ct. 980, 13 L. Ed. 2d 839 (1965). The question presented by this appeal concerns the applicability of a decision by this court altering the manner in which benefits are determined to a claimant whose workers' compensation award has already been adjudicated. This question implicates both the finality of the award and the commission's statutory authority to modify it.

We generally accord "deference to . . . time-tested agency interpretation of a statute, but only when the agency has consistently followed its construction over a long period of time, the statutory language is ambiguous, and the agency's interpretation is reasonable." *State Medical Society* v. *Board of Examiners in Podiatry*, 208 Conn. 709, 719, 546 A.2d 830 (1988); see also *Schieffelin & Co.* v. *Dept. of Liquor Control*, 194 Conn. 165, 174, 479 A.2d 1191 (1984). The plaintiff has not claimed that the commission's time-tested interpretation of the law allows retroactive recalculation of the

to differentiate the standard of review applicable to legal decisions of the workers' compensation commission from those of other administrative agencies. The essential principles, as we have applied them, are the same. See, e.g., *Mathurin* v. *Putnam*, 136 Conn. 361, 366, 71 A.2d 599 (1950) ("award must stand unless it results from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them"); *Wysocki* v. *Bradley & Hubbard Co.*, 113 Conn. 170, 177, 154 A. 431 (1931) (question of law not within discretion of commissioner).

1983 award. "[W]hen a state agency's determination of a question of law has not previously been subject to judicial scrutiny . . . the agency is not entitled to special deference." *Starr* v. *Commissioner of Environmental Protection*, 236 Conn. 722, 736, 675 A.2d 430 (1996). The finality of workers' compensation awards and the scope and extent of the commission's power to modify those awards are issues that the commission and this court have addressed in the past. See, e.g., *Besade* v. *Interstate Security Services*, 212 Conn. 441, 445, 562 A.2d 1086 (1989) (workers' compensation awards, although subject to modification, are final judgments); *Kalinick* v. *Collins Co.*, 116 Conn. 1, 4–5, 163 A. 460 (1932) (commission lacks power to modify award based on mistake of law). To the extent that issues of law have been previously decided by this court, the commission is bound to apply them. The question of law at issue in this appeal is, therefore, one to which the customary deference accorded the agency's determinations is not appropriate. *SLI International* v. *Crystal*, 236 Conn. 156, 170, 671 A.2d 813 (1996); *State Medical Society* v. *Board of Examiners in Podiatry*, supra, 718. Thus, we apply "a broader standard of review than is ordinarily involved in deciding whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion." *Lieberman* v. *State Board of Labor Relations*, supra, 216 Conn. 263.

II

The commission and the board both concluded that the plaintiff's 1983 claim was no longer pending when *Szudora* was decided and that it was, therefore, inappropriate to recalculate his benefits retroactively. We agree. Although it is true that judgments that are not by their terms limited to prospective application are presumed to apply retroactively; *State* v. *Ryerson*, 201

Conn. 333, 339, 514 A.2d 337 (1986); this general rule applies to cases that are pending and not to cases that have resulted in final judgments.[10] The plaintiff has acknowledged that judgments that apply retroactively do so only with respect to pending decisions. He argues, however, that workers' compensation claims are continuously pending because they always are subject to modification. We, therefore, begin our analysis with a discussion of the principle of finality.

It has long been accepted that a system of laws upon which individuals, governments and organizations rely to resolve disputes is dependent upon according finality to judicial decisions. "Indefinite continuation of a dispute is a social burden. It consumes time and energy that may be put to other use, not only of the parties, but of the community as a whole. It rewards the disputatious. It renders uncertain the working premises upon which the transactions of the day are to be conducted. . . . The convention concerning finality of judgments has to be accepted if the idea of law is to be accepted, certainly if there is to be practical meaning to the idea that legal disputes can be resolved by judicial process." 1 Restatement (Second), Judgments, Introduction, p. 11 (1982). "[A] party should not be able to relitigate a matter which it already has had an opportunity to litigate. . . . Stability in judgments grants to parties and others the certainty in the management of their affairs which results when a controversy is finally laid to rest." (Citations omitted.) *In re Juvenile Appeal (83-DE)*, 190

---

[10] Allowing retroactive application of judgments to nonpending cases would violate the principles of res judicata and collateral estoppel. See *Crochiere* v. *Board of Education*, supra, 227 Conn. 342–43. Courts, therefore, have only a limited equitable power to open and modify judgments in the absence of express statutory authority to do so. See footnote 11 of this opinion. Implicit in our decisions that have discussed the retroactive application of judgments is the presumption that retroactivity is limited to pending cases. See, e.g., *State* v. *Ryerson*, supra, 201 Conn. 339–40; *State* v. *Castle*, 161 Conn. 570, 571–72, 287 A.2d 744 (1971).

Conn. 310, 318, 460 A.2d 1277 (1983); see *Delahunty* v. *Massachusetts Mutual Life Ins. Co.*, 236 Conn. 582, 589, 674 A.2d 1290 (1996).

While there is a distinction between finality for purposes of appeal and for purposes of res judicata, the two often overlap. 1 Restatement (Second), supra, § 13. In limited circumstances, a decision may be appealable and yet not be final for purposes of res judicata. Id.; see *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983). On the other hand, once the time limit for appeal has passed, a judgment generally has preclusive effect with respect to subsequent actions. As noted in the Restatement, the trial court may entertain a request for relief from judgment based upon a change in law occurring during the appeal period. 2 Restatement (Second), supra, § 71, comment (f). This power is, however, "not a substitute for an appeal." Id. "For res judicata purposes, a judgment is 'final' if no further judicial action by [the] court rendering judgment is required to determine [the] matter litigated." Black's Law Dictionary (6th Ed. 1990). A final award is "[o]ne which conclusively determines the matter submitted and leaves nothing to be done except to execute and carry out the terms of [the] award." Id.

Whether a judgment is final depends upon the governing statute. "[T]he line that separates lower court judgments that are pending on appeal (or may still be appealed), from lower court judgments that are final, is determined by statute . . . . Having achieved finality . . . a judicial decision becomes the last word of the judicial department with regard to a particular case or controversy . . . ." *Plaut* v. *Spendthrift Farm, Inc.*, 514 U.S. 211, 227, 115 S. Ct. 1447, 131 L. Ed. 2d 328 (1995). Principles of finality are equally applicable to administrative decisions, such as workers' compensation awards, that are appealable to the Superior Court. Both employers and their injured employees must be

able to depend on the finality of administrative decisions and the appeals taken therefrom in order to regulate their future behavior. General Statutes §§ 31-301a[11] and 31-301b[12] govern the finality of workers' compensation awards, which become final when and if the parties fail to appeal within the statutory time period. In the present case, the plaintiff began receiving benefits pursuant to the 1983 award once the appeal period lapsed without either party having appealed the commission's determination. Because neither the plaintiff nor the defendant appealed the original award, it became final and was, accordingly, no longer pending when *Szudora* was decided.

The plaintiff argues that workers' compensation awards are always interlocutory because they are subject to modification. See, e.g., *Wysocki* v. *Bradley & Hubbard Co.*, 113 Conn. 170, 178, 154 A. 431 (1931) (award is "more nearly an interlocutory than a final judgment"); *Tutsky* v. *YMCA of Greenwich*, 28 Conn. App. 536, 541, 612 A.2d 1222 (1992) (characterizing workers' compensation awards as interlocutory but noting that § 31-315 limits commission's authority to modify). As we stated in *Wysocki*, however, "[a] motion to open [an award] under such changed conditions is . . . virtually a new proceeding." *Wysocki* v. *Bradley & Hubbard Co.*, supra, 178. Therefore, while workers' compensation awards may bear some resemblance to interlocutory decrees, that similarity does not mean that

[11] General Statutes § 31-301a provides: "Decision of Compensation Review Board. Any decision of the Compensation Review Board, in the absence of an appeal therefrom, shall become final after a period of twenty days has expired from the issuance of notice of the rendition of the judgment or decision."

[12] General Statutes § 31-301b provides: "Appeal of decision of Compensation Review Board. Any party aggrieved by the decision of the Compensation Review Board upon any question or questions of law arising in the proceedings may appeal the decision of the Compensation Review Board to the Appellate Court."

such an award is, in fact, interlocutory. For example, a workers' compensation award conclusively establishes the employer's liability and precludes relitigation of that issue in a subsequent action brought in a court of general jurisdiction. See, e.g., *Saporoso* v. *Aetna Life & Casualty Co.*, 221 Conn. 356, 603 A.2d 1160 (1992), overruled on other grounds, *Santopietro* v. *New Haven*, 239 Conn. 207, 214–15, 682 A.2d 106 (1996). Although § 31-315 authorizes the commission to retain jurisdiction over the award during the entire disability period, that provision serves the purpose of preventing the claim from being challenged or modified in a court of general jurisdiction after the appeal period has lapsed; *Welch* v. *Arthur A. Fogarty, Inc.*, 157 Conn. 538, 255 A.2d 627 (1969); and does not render the award any less final. Workers' compensation awards are "final judgment[s] as to benefits through the date of the hearing . . . . If such an award were not a final judgment because it was subject to such modification, no workers' compensation award could ever be final, and therefore appealable, until the claimant either died or recovered . . . ." *Besade* v. *Interstate Security Services*, supra, 212 Conn. 445. The plaintiff's claim was, therefore, final and not pending at the time *Szudora* was decided. Thus, it is irrelevant to the plaintiff's situation whether *Szudora* should be applied retroactively to pending cases.

## III

Although the initial award is not a pending action, final judgments may be modified pursuant to statutory authority.[13] The amici curiae argue that § 31-315, which

[13] The final judgment of a court is likewise subject to modification pursuant to the equitable powers of the court. See, e.g., *Potter* v. *Prudential Ins. Co.*, 108 Conn. 271, 282, 142 A. 891 (1928); *Brown* v. *Clark*, 81 Conn. 562, 566–67, 71 A. 727 (1909). Although administrative agencies do not inherently possess the same power as do courts of general jurisdiction to modify their decisions, they may be authorized by statute to do so. Section 31-315 confers such authority upon the workers' compensation commission.

governs the workers' compensation commission's authority to modify otherwise final awards, does not authorize modifications based on a new interpretation of law such as that contained in *Szudora*. We agree. Although the commission may modify awards under certain circumstances, its power to do so is strictly limited by statute. We conclude that § 31-315 does not permit recalculation of the plaintiff's award.

Although strict finality is strongly favored, there are certain situations that demand a flexible approach allowing for modifications. Two examples of such situations are custody and family maintenance actions, and workers' compensation awards. The statutory framework in each of these areas permits final awards to be modified in a subsequent action when certain criteria are satisfied.[14] In the family law context, alimony and support awards and child custody and visitation orders are subject to modification but, nevertheless, are considered to be final appealable judgments. See General Statutes § 46b-86 (a) (permitting modification of alimony and support awards); General Statutes § 46b-56 (permitting modification of child custody and visitation awards). Workers' compensation awards are modifiable pursuant to § 31-315.[15] Modifications pursuant to § 31-315 are, however, separate actions, brought in accordance with the procedures required for original work-

---

[14] See, e.g., 1 Restatement (Second), supra, § 24, comment (f), which provides: "Change of Circumstances. Material operative facts occurring after the decision of an action with respect to the same subject matter may in themselves, or taken in conjunction with the antecedent facts, comprise a transaction which may be made the basis of a *second action* not precluded by the first." (Emphasis added.) The Restatement provides the following example: "A judgment of divorce awards custody of a minor child of the marriage to the wife after a contest over her suitability as a mother. Upon a later demonstration by the husband, on the basis of subsequent experience, that the wife is in fact unsuitable, custody may be awarded to the husband." Id., illustration 11.

[15] See footnote 7 of this opinion.

ers' compensation claims and are themselves subject to the finality restrictions of §§ 31-301a and 31-301b.[16]

The power of the commission to hear modification requests is determined by the provisions of § 31-315. "It is clear that an administrative body must act strictly within its statutory authority, within its constitutional limitations and in a lawful manner." *Waterbury* v. *Commission on Human Rights & Opportunities*, 160 Conn. 226, 230, 278 A.2d 771 (1971). The parties to a claim cannot, by agreement, endow the commission with the authority to decide that claim. *Jester* v. *Thompson*, 99 Conn. 236, 238, 121 A. 470 (1923). Additionally, a decision of an administrative agency cannot be "set aside upon the sole ground that it is erroneous in matter of law, except by a court exercising appellate or revisory jurisdiction, unless authorized by statute, or unless the error is one going to the jurisdiction." (Internal quotation marks omitted.) *Kalinick* v. *Collins Co.*, supra, 116 Conn. 8. The defendant's decision voluntarily to recalculate the plaintiff's future benefits cannot, therefore, confer authority upon the commission retroactively to modify the award. Unless the commission had such authority, pursuant to § 31-315, it lacked the power to recalculate the plaintiff's benefits, either retroactively or prospectively.

Section 31-315 allows the commission to modify an award in three situations. First, modification is permitted where "the incapacity of an injured employee has increased, decreased or ceased, or . . . the measure of dependence on account of which the compensation is paid has changed . . . ." The plaintiff has not alleged that either of these contingencies has occurred. Second, the award may be modified when "changed conditions of fact have arisen which necessitate a change of [the award]." The plaintiff has pointed to no change of fact

---

[16] See footnotes 11 and 12 of this opinion.

necessitating a change in the original award. Third, "[t]he commissioner shall also have the same power to open and modify an award as any court of the state has to open and modify a judgment of such court." This provision extends the commission's power to open and modify judgments to cases of accident; *Hayden* v. *Wallace & Sons Mfg. Co.*, 100 Conn. 180, 188, 123 A. 9 (1923); to mistakes of fact; *Fair* v. *Hartford Rubber Works Co.*, 95 Conn. 350, 355, 111 A. 193 (1920); and to fraud; *Grabowski* v. *Miskell*, 97 Conn. 76, 84, 115 A. 691 (1921); but not to mistakes of law. *Kalinick* v. *Collins Co.*, supra, 116 Conn. 4–5.[17] The final clause of § 31-315 allows the commission to retain jurisdiction over claims during the entire compensable period. This provision, however, does not independently confer authority to modify awards for reasons not otherwise enumerated in § 31-315. Id., 7–8.

In *Kalinick*, a case very similar to the present one, this court determined that the commission lacked the power to recalculate an award when the basis for the recalculation was a change of law. Id., 8. The plaintiff in *Kalinick* had been receiving benefits based upon his average weekly wage during the twenty-six week period next preceding his cessation of the work that caused his disability. After the original award in *Kalinick* was issued, this court subsequently decided that, for the type of disability in question, the appropriate measure was the average weekly wage during the twenty-six week period next preceding the onset of incapacity. See *Rousu* v. *Collins Co.*, 114 Conn. 24, 30, 157 A. 264 (1931). In *Kalinick*, the employer and its insurer sought to open and modify the award based on the decision in *Rousu*. This court concluded that "a reopening and modification based upon a mistake of law, as here,

---

[17] These cases construe General Statutes §§ 5355 and 5240, the statutory predecessors to § 31-315. The language of the current statute is, in all respects material to this appeal, unchanged from when those cases were decided.

would not be permissible unless the control over its award for correction of errors of law, as distinguished from mistakes of fact, which a court possesses over its judgment only during the term in which it is rendered, is held to continue in the commissioner during the entire compensation period. Such an extension would be inconsistent with and subversive of the considerations which have actuated the generally recognized limitations of the powers of courts over their judgments." *Kalinick* v. *Collins Co.*, supra, 116 Conn. 8.

Our decision in *Szudora* represents a new interpretation of law similar to that in *Rousu*, and only can be retroactively applied, if at all, to pending cases. We conclude, therefore, that § 31-315 does not permit the commission to modify an award based upon the definition of "weekly compensation" set forth in *Szudora*.[18] Our conclusion is further supported by consideration of the consequences of allowing retroactive recalculations of awards in nonpending cases. Such a ruling would plunge the workers' compensation system into

---

[18] In his concurring and dissenting opinion, Justice Berdon states that he would allow the award to be modified pursuant to § 31-315 prospectively but not retroactively. He provides no basis for this distinction and nothing in § 31-315 suggests one. Section 31-315 permits modification in certain situations and does not, on its face, distinguish between retroactive and prospective application. See *Morisi* v. *Ansonia Mfg. Co.*, 108 Conn. 31, 33–34, 142 A. 393 (1928) (allowing retroactive modification to the date disability ceases); *Gagliardi* v. *Downing & Perkins, Inc.*, 152 Conn. 475, 481–82, 208 A.2d 334 (1965) (date dependency ceases controls amount of award). In fact, the right to an award "arises by operation of law as soon as the incapacity for the statutory period exists and it continues during the incapacity of the employee and only ends with his decease." *Greenwood* v. *Luby*, 105 Conn. 398, 400, 135 A. 578 (1926). We see no principled basis upon which to distinguish the vesting date for increases in awards based on modifications from the date applicable to original awards. Moreover, because we have determined that § 31-315 does not permit modification of this plaintiff's award, we need not reach the question of whether a modification *permitted* pursuant § 31-315 should not be applied retroactively based upon considerations such as those set out in *Chevron Oil Co.* v. *Huson*, supra, 404 U.S. 106–107.

a state of paralytic uncertainty. Employers and insurers, as well as injured employees, would find it difficult, if not impossible, to plan for the future if judgments could be opened and retroactively modified on the basis of unanticipated changes in the law.

The judgment of the board is affirmed.

In this opinion CALLAHAN, C. J., and BORDEN, NOR-COTT and PALMER, Js., concurred.

BERDON, J., concurring in part and dissenting in part. I agree with the result reached by the majority that this court's decision in *Szudora* v. *Fairfield*, 214 Conn. 552, 573 A.2d 1 (1990)—that is, calculation of disability benefits awarded pursuant to the Heart and Hypertension Act (act), General Statutes §§ 7-433b and 7-433c, must include overtime pay—should not be applied retroactively. I reach this result, not because, as the majority holds, the workers' compensation commissioner (commissioner) had no jurisdiction under the act to adjust the award to the plaintiff, Vincent Marone, a retired Waterbury police officer. Rather, I reach this result because retroactive application of the act "would have a burdensome financial impact on [Waterbury and the other] municipalities and taxpayers in Connecticut which would not be equitable" as both the commissioner and the compensation review board (board) found.[1] See *Chevron Oil Co.* v. *Huson*, 404 U.S. 97,

---

[1] Although the "commission[er] and the board both concluded that the plaintiff's 1983 claim was no longer pending when *Szudora* was decided and that it was . . . inappropriate to recalculate his benefits retroactively," their decision was not based on whether the claim was pending, as the majority implies. Both the commissioner and the board referred to the pendency of the claim only to indicate that if it was pending when *Szudora* was decided, the plaintiff would have been entitled to retroactive application of the rule. Rather, the commissioner's and the board's decision not to extend *Szudora* retroactively was predicated on the "substantial inequitable result" prong of *Chevron Oil Co.* v. *Huson*, 404 U.S. 97, 106–107, 92 S. Ct. 349, 30 L. Ed. 2d 296 (1971) ("First, the decision to be applied nonretroac-

106–107, 92 S. Ct. 349, 30 L. Ed. 2d 296 (1971); *Neyland* v. *Board of Education*, 195 Conn. 174, 179–80, 487 A.2d 181 (1985).

I disagree with the dicta in part III of the majority opinion, wherein the majority reaches an issue—indeed goes out of its way to do so—that is not before this court: that issue is the *prospective* application of this court's decision in *Szudora*. The retroactive recalculation of the plaintiff's award pursuant to the act, not the prospective recalculation of the award, in accordance with *Szudora* was the only issue before the commissioner and the board, from which the defendant, the city of Waterbury, appealed. Without the benefit of briefing from either the plaintiff or the defendant, or even the amici curiae,[2] the majority violates all principles of justiciability by deciding the issue of prospectivity.

More importantly, I totally disagree with the majority's conclusion that the commissioner does not have jurisdiction to modify an award during the entire period in which an employee receives compensation. General Statutes § 31-315, which gives the commissioner jurisdiction to modify an award or voluntary agreement for

tively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied . . . or by deciding an issue of first impression whose resolution was not clearly foreshadowed . . . . Second, it has been stressed that [the court] must . . . weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation. . . . Finally, [the court must weigh] the inequity imposed by retroactive application, for [w]here a decision of this Court could produce *substantial inequitable results* if applied retroactively, there is ample basis in our cases for avoiding the injustice or hardship by a holding of nonretroactivity." [Citations omitted; emphasis added; internal quotation marks omitted.]).

[2] The majority's claim in footnote 8 of its opinion that the amici argued that the commissioner lacked the statutory authority to modify the award on the basis of our decision in *Szudora*, either prospectively or retroactively, is simply wrong. Indeed, the amici argued that "*Szudora* be held to apply in a prospective-only manner from the date of the Claimant's first request for modification in 1993."

workers' compensation benefits, provides in relevant part that "[t]he compensation commissioner shall retain jurisdiction over claims for compensation, awards and voluntary agreements, for any proper action thereon, during the whole compensation period applicable to the injury in question." I read § 31-315 literally as we are required to do. *American Universal Ins. Co. v. DelGreco*, 205 Conn. 178, 193, 530 A.2d 171 (1987). It simply means that while the employee is receiving benefits, the commissioner has jurisdiction over the award for any proper action, which would include the increase of compensation as a result of interpretation of the Workers' Compensation Act by the commissioner, the board or the courts. Indeed, in 1920, this court made this point crystal clear when it held that the commissioner has jurisdiction to increase the compensation for a condition that the worker had when the original award was entered but, due to the neglect of the worker, was not called to the attention of the commissioner. *Fair* v. *Hartford Rubber Works Co.*, 95 Conn. 350, 356–57, 111 A. 193 (1920). The court in *Fair* held that the modification statute, General Statutes (1918 Rev.) § 5355 (now § 31-315), "expressly provides that [awards] shall be open to revision until completely performed . . . ."[3] Id., 356; *Besade* v. *Interstate Security Services*, 212 Conn. 441, 445, 562 A.2d 1086 (1989) ("any workers' compensation award, although a final judgment as to benefits through the date of the hearing, is always subject to further proceedings, such as those ordered in the present case, to determine whether the award should be modified"); *Welch* v. *Arthur A. Fogarty, Inc.*, 157 Conn. 538, 546, 255 A.2d 627 (1969) ("[i]ncreased incapacity of the plaintiff, a change in conditions, a mutual mistake in procuring the award

---

[3] The *Fair* court further commented that workers' compensation awards "resemble interlocutory decrees for the future payment of alimony, rather than final judgments." *Fair* v. *Hartford Rubber Works Co.*, supra, 95 Conn. 356.

pursuant to the stipulation . . . all fall within the terms of . . . [§ 31-315], and proof of any of them might call for a revision of the award by the commissioner" [internal quotation marks omitted]). The commissioner is not precluded by any rule of public policy from modifying the award because "[t]he rule of public policy applicable to such cases as this is to carry out the spirit of [the Workers' Compensation Act]." (Internal quotation marks omitted.) *Fair* v. *Hartford Rubber Works Co.*, supra, 357.[4]

Section 31-315 must be liberally and broadly "construed to effectuate the purpose of providing compensation for an injury arising out of and in the course of the employment regardless of fault." (Internal quotation marks omitted.) *Mingachos* v. *CBS, Inc.*, 196 Conn. 91, 97, 491 A.2d 368 (1985). Allowing an injured employee to receive prospectively increased compensation as a result of a court's clarification of the law that was in effect when the employee was injured is consistent with the beneficent purposes of the Workers' Compensation Act. This construction of § 31-315 also takes into account that many injured workers are not represented by counsel when they appear before the commissioner, but, rather, depend upon the commissioner to protect their rights with respect to those matters that are undisputed at the time of the award.

Accordingly, I agree that *Szudora* should not be applied retroactively. I would not reach the issue of its

[4] I recognize that this court stated in *Kalinick* v. *Collins Co.*, 116 Conn. 1, 8, 163 A. 460 (1932), that it "would be inconsistent with and subversive of the considerations which have actuated the generally recognized limitations of the powers of courts over their judgments" to hold that the commissioner's control over its award for corrections of errors of law continues during the entire compensation period. I believe that decision, however, conflicts with prior precedent; *Fair* v. *Hartford Rubber Works Co.*, supra, 95 Conn. 350; subsequent precedent; *Besade* v. *Interstate Security Services*, supra, 212 Conn. 441, and *Welch* v. *Arthur A. Fogarty, Inc.*, supra, 157 Conn. 538; and the long-standing rule that our Workers' Compensation Act should be construed broadly to facilitate its purposes.

prospective application. Being pressed to do so as a result of the majority opinion, however, I would hold that a commissioner has jurisdiction to adjust prospectively a claimant's disability award as a result of the *Szudora* decision.

MCDONALD, J., concurring in part and dissenting in part. I concur with the result reached by the majority that *Szudora* v. *Fairfield*, 214 Conn. 552, 573 A.2d 1 (1990), should not be applied retroactively. I agree with Justice Berdon, however, that the majority should not have reached and decided *Szudora*'s application prospectively. This was not an issue raised by Waterbury at any time.

Our jurisdiction is limited to "any question or questions of law" decided before the compensation review board. General Statutes § 31-301b. We do not have a roving commission to affect people's rights. It will therefore come as an unpleasant surprise to the plaintiff and his counsel that because he persisted in asking for contested past benefits he may now lose uncontested future benefits.