[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE #130, 131
On March 30, 1998, the plaintiff filed a motion to strike the defendant's first and third revised special defenses, as well as the defendant's newly raised fourth special defense. The first and third revised special defenses are identical to special defenses raised on prior occasions, which were challenged by the plaintiff on motions to strike and consequently struck by the Court. The revised special defenses essentially replead the original first and third special defenses, but include additional allegations.
When ruling on a motion to strike special defenses, "the trial court [must] take the facts to be those alleged in the CT Page 7954 special defenses and . . . construe the defenses in the manner most favorable to sustaining their legal sufficiency."Connecticut National Bank v. Douglas, 221 Conn. 530,536, 606 A.2d 684 (1992).
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of a action."Grant v. Bassman, 221 Conn. 465, 472-73, 604 A.2d 814
(1992); Federal Deposit Ins. Corp. v. Napert-BoyerPartnership, 40 Conn. App. 434, 445, 671 A.2d 1303 (1996); see also Practice Book § 164, now Practice Book (1998 Rev.) § 10-50. "Thus, if facts provable under the allegations of the special defense, construed in the light most favorable to the defendant show, notwithstanding the verity of the plaintiff's allegations, that the plaintiff has no cause of action, then the motion to strike must fail.: Daniels v. Martinczak, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 389783 (Jan. 10, 1992, Schaller, J.) (8 C.S.C.R. 247), citing Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989).
The plaintiff moves to strike the defendant's first revised special defense of res judicata. "[T]he doctrine of res judicata, or claim preclusion, [provides that] a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim. A judgment is final not only as to every matter which was offered to sustain the claim, but also as to any other admissible matter which might have been offered for that purpose. . . . The rule of claim preclusion prevents reassertion of the same claim regardless of what additional or different evidence or legal theories might be advanced in support of it." Connecticut Natural Gas Corp. v.Miller, 239 Conn. 313, 322, 684 A.2d 1173 (1996). The res judicata defense must be predicated on a final decision, a judgment on the merits. See Marone v. City ofWaterbury, 244 Conn. 1, 12, ___ A.2d ___ (1998).
The defendant alleges in his first revised special defense that the plaintiff filed a formal complaint against the defendant with Physicians' Health Services ("PHS"), that this was an "adjudicative" and "quasi-judicial" process pursuant to which evidence was gathered by PHS and examined, and that the issues raised in the present action were raised, reviewed and resolved (in favor of the defendant) in such adjudicative process. CT Page 7955
The principles of res judicata apply to arbitration proceedings. See, e.g., Fink v. Golenbock,238 Conn. 183, 195, 680 A.2d 1243 (1996). Taking the facts alleged in the first revised special defense as true, and construing the defense in the manner most favorable to sustaining its legal sufficiency, the defendant has pleaded facts consistent with the allegations of the complaint but which demonstrate, nonetheless, that the plaintiff has no cause of action due to the doctrine of res judicata. Therefore, the plaintiff's motion to strike the first revised special defense is denied.
The plaintiff also moves to strike the defendant's third revised special defense, which alleges that the plaintiff failed to mitigate his damages. This special defense is identical to special defenses raised and considered by the Court on two prior occasions, each of which were struck by the Court, Flynn,J.The defendant alleges that since the plaintiff contacted PHS concerning the status of his claim for benefits and discovered that a claim had not been submitted by the defendant, and the plaintiff continued treatment after discovering this fact, the continued treatment and additional charges incurred therefrom constitute a failure to mitigate damages.
The allegations do not demonstrate that the plaintiff lacks a cause of action and in no way relate to any of the plaintiff's claims in this case, which are premised upon alleged fraudulent misrepresentations. Therefore, the defendant's third revised special defense is insufficient as a matter of law and the plaintiff's motion to strike this special defense is granted.
Finally, the plaintiff moves to strike the defendant's fourth special defense, which alleges accord and satisfaction. This special defense fails to demonstrate that the plaintiff lacks a cause of action. The underlying claims in the present matter are premised upon the defendant's alleged fraudulent misrepresentation to the plaintiff, and accord and satisfaction is not a valid defense to such claims. Therefore, the plaintiff's motion to strike the fourth special defense granted.
George W. Ripley Judge Trial Referee CT Page 7956