## JOHN CZUJAK *v.* CITY OF BRIDGEPORT
### (AC 18534)

O'Connell, C. J., and Foti and Landau, Js.

Argued September 28—officially released November 23, 1999

*George C. Springer, Jr.,* for the appellant (plaintiff).

*Frank A. May,* with whom, on the brief, was *James J. Moynihan,* for the appellee (defendant).

Opinion

FOTI, J. The plaintiff, John Czujak, appeals from the June 10, 1998 decision by the workers' compensation review board (board) that reversed the commissioner's January 31, 1997 finding and award. The plaintiff claims that the board improperly (1) reversed the commissioner's decision to adjust the plaintiff's benefits cap under General Statutes § 7-433b (b)[1] to include overtime earnings prospectively from the date of the Supreme Court decision in *Szudora* v. *Fairfield,* 214 Conn. 552, 573 A.2d 1 (1990),[2] and (2) reversed the commissioner's award of interest and attorney's fees. We affirm the board's decision.

The following procedural history and facts are necessary to a resolution of this appeal. The plaintiff was employed by the city of Bridgeport (city) as a police officer. On October 16, 1981, he suffered a heart attack, was in a coma for eighteen days and sustained considerable brain damage. On November 27, 1984, the commissioner issued a finding that the plaintiff's heart disease

---

[1] General Statutes § 7-433b (b) provides: "Notwithstanding the provisions of any general statute, charter or special act to the contrary affecting the noncontributory or contributory retirement systems of any municipality of the state, or any special act providing for a police or firemen benefit fund or other retirement system, the cumulative payments, not including payments for medical care, for compensation and retirement or survivors benefits under section 7-433c shall be adjusted so that the total of such cumulative payments received by such member or his dependents or survivors shall not exceed one hundred per cent of the weekly compensation being paid, during their compensable period, to members of such department in the same position which was held by such member at the time of his death or retirement. Nothing contained herein shall prevent any town, city or borough from paying money from its general fund to any such member or his dependents or survivors, provided the total of such cumulative payments shall not exceed said one hundred per cent of the weekly compensation."

[2] The commissioner dismissed the plaintiff's claim for a retroactive rate adjustment for the period prior to the 1990 *Szudora* decision.

had resulted in his total incapacity to work and awarded him disability benefits pursuant to General Statutes § 7-433c,[3] commonly referred to as the Heart and Hypertension Act. Benefits conferred pursuant to § 7-433c are subject to the limitation imposed by § 7-433b (b) so that they "shall not exceed one hundred per cent of the weekly compensation being paid, during their compensable period, to members of such department in the same position which was held by such member at the time of his . . . retirement. . . ." General Statutes § 7-433b (b). Accordingly, it was determined that the plain-

[3] General Statutes § 7-433c (a) provides: "Notwithstanding any provision of chapter 568 or any other general statute, charter, special act or ordinance to the contrary, in the event a uniformed member of a paid municipal fire department or a regular member of a paid municipal police department who successfully passed a physical examination on entry into such service, which examination failed to reveal any evidence of hypertension or heart disease, suffers either off duty or on duty any condition or impairment of health caused by hypertension or heart disease resulting in his death or his temporary or permanent, total or partial disability, he or his dependents, as the case may be, shall receive from his municipal employer compensation and medical care in the same amount and the same manner as that provided under chapter 568 if such death or disability was caused by a personal injury which arose out of and in the course of his employment and was suffered in the line of duty and within the scope of his employment, and from the municipal or state retirement system under which he is covered, he or his dependents, as the case may be, shall receive the same retirement or survivor benefits which would be paid under said system if such death or disability was caused by a personal injury which arose out of and in the course of his employment, and was suffered in the line of duty and within the scope of his employment. If successful passage of such a physical examination was, at the time of his employment, required as a condition for such employment, no proof or record of such examination shall be required as evidence in the maintenance of a claim under this section or under such municipal or state retirement systems. The benefits provided by this section shall be in lieu of any other benefits which such policeman or fireman or his dependents may be entitled to receive from his municipal employer under the provisions of chapter 568 or the municipal or state retirement system under which he is covered, except as provided by this section, as a result of any condition or impairment of health caused by hypertension or heart disease resulting in his death or his temporary or permanent, total or partial disability. As used in this section, the term 'municipal employer' shall have the same meaning and shall be defined as said term is defined in section 7-467."

tiff was entitled to a maximum compensation rate of $310 per week, which was the base salary, exclusive of overtime, of a similarly situated Bridgeport police officer at that time. No appeal was taken from that 1984 decision.

In April, 1990, our Supreme Court decided *Szudora* v. *Fairfield,* supra, 214 Conn. 552. *Szudora* expanded the definition of maximum "weekly compensation" available under § 7-433b (b) to include overtime earnings as well as base compensation. In 1994, the plaintiff sought to adjust his § 7-433b (b) benefits cap to account for the inclusion of overtime payments made to similarly situated police officers since April 10, 1984, the plaintiff's date of retirement. On January 31, 1997, the commissioner determined that *Szudora*'s interpretation of § 7-433b (b) should be applied prospectively,[4] from the date of the *Szudora* decision, to any benefits due the plaintiff. The commissioner, therefore, found that the plaintiff was entitled to an adjusted pay cap that included overtime earnings as well as base compensation, starting in April, 1990. The commissioner further ordered an award of attorney's fees and interest for the city's delay in payment of those overtime adjustments.

The city appealed to the board from the commissioner's decision, and, while the appeal was before the board, our Supreme Court decided *Marone* v. *Waterbury,* 244 Conn. 1, 707 A.2d 725 (1998), which addressed the applicability of the *Szudora* decision. *Marone* held that awards that were not pending when *Szudora* was decided were not entitled to retroactive or prospective application of *Szudora.* Relying on *Marone,* the board reversed the commissioner's decision, and the plaintiff appealed to this court.

Our standard of review in workers' compensation cases is well settled. Our role is to determine whether

---

[4] See footnote 1.

the board's decision results from an incorrect application of the law to the subordinate facts or from an inference unreasonably drawn from them. *Aurora* v. *Miami Plumbing & Heating, Inc.*, 6 Conn. App. 45, 47, 502 A.2d 952 (1986).

## I

The present case is controlled by *Marone,*[5] and we therefore consider *Marone's* two part test for determining whether the plaintiff is entitled to a recalculation of his benefits under *Szudora*. First, we must determine whether the original award was a pending matter at the time *Szudora* was decided. If the award was not a pending matter when *Szudora* was decided, then the plaintiff is not entitled to retroactive application of *Szudora*. See *Marone* v. *Waterbury*, supra, 244 Conn. 11, n.10. Second, we must address whether the commissioner had the authority to modify the award pursuant to General Statutes § 31-315.

## A

Here, the plaintiff's 1984 benefits award was a final judgment and was not a pending matter when *Szudora* was decided in 1990. "General Statutes §§ 31-301a[6] and 31-301b[7] govern the finality of workers' compensation awards, which become final when and if the parties fail to appeal within the statutory time period." *Marone* v. *Waterbury*, supra, 244 Conn. 13. Because the plaintiff

[5] See also *Liano* v. *Bridgeport*, 55 Conn. App. 75, 737 A.2d 983 (1999), in which we applied the *Marone* decision to facts similar to those in the present case.

[6] General Statutes § 31-301a provides: "Any decision of the Compensation Review Board, in the absence of an appeal therefrom, shall become final after a period of twenty days has expired from the issuance of notice of the rendition of the judgment or decision."

[7] General Statutes § 31-301b provides: "Any party aggrieved by the decision of the Compensation Review Board upon any question or questions of law arising in the proceedings may appeal the decision of the Compensation Review Board to the Appellate Court."

filed neither an appeal nor a motion to correct the commissioner's November 27, 1984 finding and award, that decision became final after the appeal period expired, well before *Szudora* was decided. Thus, the award was not pending when *Szudora* was decided and, unless the commissioner had the authority to modify the award pursuant to § 31-315, the plaintiff is not entitled to retroactive or prospective application of *Szudora*. Id.

B

Although the plaintiff's award was a final judgment and not a pending matter, final judgments may be modified pursuant to statutory authority. Section 31-315 confers authority on the workers' compensation commission to modify § 7-433c benefits in certain limited situations.[8] In the present case, however, the commissioner lacked the authority to modify the award because § 31-315 does not authorize modifications based on a new interpretation of law such as that contained in *Szudora*. *Marone* v. *Waterbury*, supra, 244 Conn. 15. The commissioner, therefore, lacked the authority to recalculate the plaintiff's benefits.

---

[8] "Section 31-315 allows the [workers' compensation] commission to modify an award in three situations. First, modification is permitted where 'the incapacity of an injured employee has increased, decreased or ceased, or . . . the measure of dependence on account of which the compensation is paid has changed . .·. .' Second, the award may be modified when 'changed conditions of fact have arisen which necessitate a change of [the award].' . . . Third, '[t]he commissioner shall also have the same power to open and modify an award as any court of the state has to open and modify a judgment of such court.' This provision extends the commission's power to open and modify judgments to cases of accident; *Hayden* v. *Wallace & Sons Mfg. Co.*, 100 Conn. 180, 188, 123 A. 9 (1923); to mistakes of fact; *Fair* v. *Hartford Rubber Works Co.*, 95 Conn. 350, 355, 111 A. 193 (1920); and to fraud; *Grabowski* v. *Miskell*, 97 Conn. 76, 84, 115 A. 691 (1921); but not to mistakes of law. *Kalinick* v. *Collins Co.*, [116 Conn. 1, 4–5, 163 A. 460 (1932)]. The final clause of § 31-315 allows the commission to retain jurisdiction over claims during the entire compensable period. This provision, however, does not independently confer authority to modify awards for reasons not otherwise enumerated in § 31-315. Id., 7–8." *Marone* v. *Waterbury*, supra, 244 Conn. 16–17.

Finally, we are not persuaded by the plaintiff's argument that the commissioner's adjustment of his benefits cap to include overtime earnings was merely an "enforcement" of the earlier award and not a "modification" controlled by § 31-315. The commissioner's November, 1984 finding and award clearly established the benefits cap to include only the base salary of a similarly situated police officer. There is nothing in the record to suggest that the commissioner's original award was intended to include overtime compensation as well as base salary in determining the benefits cap. On the contrary, it is evident that the commissioner intended the November 27, 1984 award to be limited to the base compensation of a similarly situated police officer. The plaintiff's efforts to increase his benefits to include overtime payments is clearly an attempt to modify his original 1984 award. For the foregoing reasons, we conclude that modification of the award would be improper.

II

Because the commissioner's January 31, 1997 finding and award improperly modified the plaintiff's benefits to include overtime compensation, it also was improper for the commissioner to have awarded attorney's fees and interest on outstanding overtime compensation not paid to the plaintiff.

The decision of the workers' compensation review board is affirmed.

In this opinion the other judges concurred.