## NOEL SCHENKEL *v.* RICHARD CHEVROLET, INC., ET AL.
### (AC 30603)

Bishop, Gruendel and Harper, Js.

Argued April 5—officially released August 3, 2010

*Elycia D. Solimene*, for the appellant (named defendant).

*Keith E. Marquis*, for the appellee (plaintiff).

*Opinion*

BISHOP, J. The defendant Richard Chevrolet, Inc.,[1] appeals from the decision of the workers' compensation review board (board) affirming the decision of the workers' compensation commissioner (commissioner), awarding the plaintiff, Noel Schenkel, temporary total disability benefits, in addition to interest and attorney's fees on the basis of the defendant's unreasonable delay in the payment of the benefits. On appeal, the defendant claims that the award did not comply with the requirements of General Statutes § 31-315.[2] We affirm the decision of the board.

---

[1] Utica Mutual Insurance Company, the workers' compensation liability insurer for Richard Chevrolet, Inc., also is a defendant. For convenience, however, we refer in this opinion to Richard Chevrolet, Inc., as the defendant.

[2] General Statutes § 31-315 provides: "Any award of, or voluntary agreement concerning, compensation made under the provisions of this chapter or any transfer of liability for a claim to the Second Injury Fund under the provisions of section 31-349 shall be subject to modification in accordance with the procedure for original determinations, upon the request of either party or, in the case of a transfer under section 31-349, upon request of the custodian of the Second Injury Fund, whenever it appears to the compensation commissioner, after notice and hearing thereon, that the

This case derives from a compensable back injury sustained by the plaintiff on June 16, 2000. The plaintiff was awarded permanent partial disability benefits for this injury on February 25, 2003. The plaintiff also had sought total disability benefits at that time, which the commissioner denied.

Some time later, the plaintiff asserted that his condition had deteriorated such that he was now totally disabled and that he needed additional medical treatment. The plaintiff also sought interest and attorney's fees for the claimed undue delay in treatment and payment of benefits. The defendant filed a motion to dismiss the plaintiff's claims, arguing that the issue of whether the plaintiff was totally disabled had been litigated previously and, therefore, was barred by the doctrines of collateral estoppel and res judicata.

Following a formal hearing conducted in two parts on May 8 and June 13, 2007, the commissioner denied the defendant's motion to dismiss. On the basis of the testimony and evidence presented, the commissioner found that the plaintiff's condition had "deteriorated significantly since the last decision hearing in this matter," that the plaintiff's symptoms had increased and that the resultant medical treatment was reasonable and necessary. The commissioner found the plaintiff to be disabled permanently and totally as of August 15,

incapacity of an injured employee has increased, decreased or ceased, or that the measure of dependence on account of which the compensation is paid has changed, or that changed conditions of fact have arisen which necessitate a change of such agreement, award or transfer in order properly to carry out the spirit of this chapter. The commissioner shall also have the same power to open and modify an award as any court of the state has to open and modify a judgment of such court. The compensation commissioner shall retain jurisdiction over claims for compensation, awards and voluntary agreements, for any proper action thereon, during the whole compensation period applicable to the injury in question."

2006. The commissioner also concluded that the defendant unreasonably had contested and delayed the payment of benefits and, consequently, awarded attorney's fees and interest to the plaintiff.

Thereafter, the defendant appealed from the commissioner's decision to the board. There, the defendant argued that it was not given adequate notice that the plaintiff was seeking temporary total disability benefits, the plaintiff's claim for total disability benefits was barred by res judicata and the evidence did not support the award. The board affirmed the decision of the commissioner, finding that the defendant had notice that the plaintiff was seeking benefits for total incapacity and reimbursement for expenses for medical treatment, and that the commissioner had properly imposed sanctions on the defendant for undue delay in the payment of those benefits. The board also concluded that the plaintiff's claims were not barred by res judicata because there had been a change in the plaintiff's condition. Therefore, the board reasoned, the benefits that the plaintiff was seeking were based not on his condition in 2003, but on his condition subsequent to that time. Last, the board concluded that the commissioner's award was supported by the evidence adduced at the formal hearing. This appeal followed.

The defendant appears to claim on appeal that the commissioner failed to comply with § 31-315 in three ways: by modifying part of the 2003 findings beyond the request of either party; by modifying part of the 2003 findings without proper notice and by failing to open or to modify any prior findings as formally required under § 31-315. We are unpersuaded.

"As a threshold matter, we set forth the standard of review applicable to workers' compensation appeals. The principles that govern our standard of review in workers' compensation appeals are well established. The conclusions drawn by [the commissioner] from

the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . . It is well established that [a]lthough not dispositive, we accord great weight to the construction given to the workers' compensation statutes by the commissioner and [the] board." (Internal quotation marks omitted.) *Marandino* v. *Prometheus Pharmacy,* 294 Conn. 564, 572, 986 A.2d 1023 (2010).

"Section 31-315 allows the commission to modify an award in three situations. First, modification is permitted where the incapacity of an injured employee has increased, decreased or ceased, or . . . the measure of dependence on account of which the compensation is paid has changed. . . . Second, the award may be modified when changed conditions of fact have arisen which necessitate a change of [the award]. . . . Third, [t]he commissioner shall also have the same power to open and modify an award as any court of the state has to open and modify a judgment of such court. . . . The final clause of § 31-315 allows the commission to retain jurisdiction over claims during the entire compensable period." (Citations omitted; internal quotation marks omitted.) *Marone* v. *Waterbury,* 244 Conn. 1, 16–17, 707 A.2d 725 (1998). In other words, "[p]ursuant to § 31-315, a workers' compensation award is always limited to a claimant's current condition and [is] always subject to later modification upon the request of either party . . . if the complainant's condition changes. . . . Consequently, the commissioner, in any given case, may issue multiple findings and awards throughout the period of compensability, with each award fixing the claimant's benefits as of the formal hearing date on the basis of the claimant's then existing condition." (Citation omitted; internal quotation marks omitted.) *Hunt* v. *Naugatuck,* 273 Conn. 97, 103–104, 868 A.2d 54 (2005).

Here, although the hearing notices do not cite specifically to § 31-315, they clearly indicate that the plaintiff was seeking benefits for total incapacity, reimbursement for medical treatment and interest and attorney's fees for undue delay in the payment of benefits. It was clearly stated at the hearings that the plaintiff's claim for total incapacity benefits was based on the worsening of his condition since the 2003 award. Because the authority of the commissioner to modify awards derives from § 31-315, the defendant had to have known that that statute was necessarily implicated by the plaintiff's claim. See *Marandino* v. *Prometheus Pharmacy*, supra, 294 Conn. 585–86 (failure to file formal motion to modify not fatal to claim for total incapacity benefits when record reflects parties knew claim equivalent to motion to modify). The commissioner specifically found that the plaintiff's condition had deteriorated significantly since the 2003 award and that he was totally disabled as of August 15, 2006. Thus, in accordance with § 31-315, the commissioner found that the incapacity of the plaintiff had increased and changed the award to reflect the plaintiff's condition as of August 15, 2006. Accordingly, we conclude that the commissioner fully complied with the mandates of § 31-315.[3]

The decision of the workers' compensation review board is affirmed.

In this opinion the other judges concurred.

[3] In *Marandino* v. *Prometheus Pharmacy*, supra, 294 Conn. 564, which was decided after the briefing in this case, the majority and the concurrence appear to make a distinction between a change in medical condition and a deterioration of medical circumstances naturally flowing from that condition. Because that distinction has not been urged on us by either of the parties in this case, we need not address it in order to resolve the issues actually presented on appeal.